SHIRLEY KEARNEY AND JAMES TEDDER v. THE COUNTY OF DURHAM, COUNTY OF DURHAM ANIMAL CONTROL DEPARTMENT, BOBBY L. LEATHERS, AND JOHN P. BOND, III

No. 8914DC1194

(Filed 3 July 1990)

**Master and Servant § 10.2 (NCI3d) — breach of contract and wrongful discharge — oral contract — employment at will — summary judgment for defendants**

The trial court properly granted summary judgment for defendants in an action for wrongful discharge where plaintiffs agree that they did not have any type of written contract with the county; plaintiffs' representations of their oral agreement did not show either an employment contract for a fixed term or that plaintiffs could only be terminated for cause; defendants in any case came forward with considerable evidence that plaintiffs were discharged for cause; these cases are not included in any of the policy exceptions that have limited the application of the at-will doctrine; and, although plaintiffs' jobs were included in a manual adopted by resolution of the Durham County Board of Commissioners, that is insufficient

to create a property interest analogous to that of a statute or ordinance.

**Am Jur 2d, Master and Servant §§ 45, 46, 49 et seq.**

APPEAL by plaintiffs from judgment entered 12 July 1989 by *Judge Richard G. Chaney* in DURHAM County District Court. Heard in the Court of Appeals 7 May 1990.

Plaintiffs Kearney and Tedder are two former employees of Durham County (the "County"). On 27 December 1987, they instituted this action against the County alleging wrongful discharge, breach of contract, and intentional infliction of emotional distress. They sought, *inter alia*, monetary damages and reinstatement to their former positions. After discovery was conducted, defendants moved for summary judgment on 18 August 1988. The trial court granted this motion on 12 July 1989. Plaintiffs appeal.

*McCreary & Read, by Daniel F. Read, for plaintiffs-appellants.*

*Durham County Attorney's Office, by Assistant County Attorney Lowell L. Siler, for defendants-appellees.*

JOHNSON, Judge.

Plaintiff Kearney was hired by the Durham County Animal Control Department as a clerk typist III on 24 April 1984 and was discharged on 22 May 1987. The County includes in the record various warnings and evaluations of Kearney which indicate that she was terminated for poor work performance and inability to satisfactorily perform her job. Pursuant to County policy, Kearney appealed her discharge to the County Manager who upheld the decision.

Plaintiff Tedder was hired by the Animal Control Department in October, 1986 as a veterinarian technician and was discharged on 13 July 1987. The County also introduced documents showing that he was terminated for poor work performance and inability to satisfactorily perform his job. The County Manager upheld the decision. Tedder remained on probationary status during his employment with the County.

Neither employee signed a written contract of employment and there is no evidence that they orally agreed to a fixed term of employment with the County.

### KEARNEY v. COUNTY OF DURHAM
[99 N.C. App. 349 (1990)]

By their first Assignment of Error, plaintiffs contend that the court erred in granting summary judgment for defendants when, they argue, the parties had a contract that provided that plaintiffs would not be discharged except for cause. We disagree.

The granting of summary judgment is proper only when, on the basis of the materials before the court, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. G.S. § 1A-1, Rule 56; *Johnson v. Holbrook*, 77 N.C. App. 485, 335 S.E.2d 53 (1985). North Carolina is committed to the doctrine that "absent some form of contractual agreement between the employer and employee establishing a *definite* period of employment, the employment is presumed to be an 'at-will' employment, terminable at the will of either party, irrespective of the quality of performance by the other party, and the employee states no cause of action for breach of contract by alleging that he has been discharged without just cause." *Harris v. Duke Power Co.*, 319 N.C. 627, 629, 356 S.E.2d 357, 359 (1987), *citing Still v. Lance*, 279 N.C. 254, 182 S.E.2d 403 (1971).

Plaintiffs agree that they did not have any type of written contracts with the County. They have stated that they had oral understandings with the County that their jobs were "secure" and they were "there permanent." We do not think that their representations of their oral employment agreement showed either an employment contract for a fixed term or that plaintiffs could only be terminated for cause. However, defendants have also come forward with considerable evidence that plaintiffs were discharged for cause.

We also do not find that the instant cases are included in any of the public policy exceptions that have limited the application of the "at-will" doctrine. *Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989); *Sides v. Duke University Hospital*, 74 N.C. App. 331, 328 S.E.2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 490 (1985).

A statute or ordinance may create a property interest in continued employment, thus providing an exception to the "employment-at-will" rule. *Bishop v. Wood*, 426 U.S. 341, 48 L.Ed.2d 684 (1976); *Presnell v. Pell*, 298 N.C. 715, 260 S.E.2d 611 (1979). There is no applicable statute or ordinance in this case. Plaintiffs' jobs were included in a manual adopted by resolution of the Durham County Board of Commissioners. "Generally, measures that prescribe binding rules of conduct are ordinances while measures that relate

to administrative or housekeeping matters are categorized as resolutions." C. Sands, M. Libonati, *Local Government Law*, § 11.14 at 11-14 (1981). In the absence of evidence that this resolution was adopted with the same formality and characteristics of an ordinance, it is insufficient to create a property interest analogous to that of a statute or ordinance. *Pittman v. Wilson County*, 839 F.2d 225 (4th Cir. 1988). We hold that the trial court did not err in granting summary judgment as to plaintiffs' claims for breach of contract and wrongful discharge.

Plaintiffs have not presented any argument that the trial court erred in granting defendants' motion for summary judgment as it pertained to their claim for intentional infliction of emotional distress. We deem this argument abandoned pursuant to G.S. § 1A-1, Rule 28(a) and do not address it.

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.