DARRELL NIX, Petitioner v. DEPARTMENT OF ADMINISTRATION, Respondent

No. 9110SC500

(Filed 7 July 1992)

**State § 12 (NCI3d)— state employee—termination—no notice of right to appeal**

> An action by a terminated state employee seeking reinstatement, back pay, and restoration of benefits was remanded where the letter that informed petitioner that his employment would be terminated failed to inform petitioner of his right to appeal, although the letter gave a sufficiently specific statement of reasons for the termination and, although respondent should have provided petitioner with three warnings before action was taken, the warnings were adequate given the circumstances and the holding in *Leiphart v. North Carolina School of the Arts*, 80 N.C. App. 339. Even though respondent contended that notification of appeal rights was not necessary because petitioner was not dismissed but accepted disability retirement, given the unambiguous language of the letter, it is reasonable to conclude that petitioner was indeed terminated by the letter and that he applied for disability retirement only because he felt he had no other option. Since petitioner applied for and received disability retirement for 28 months and was employed by the Department of Revenue approximately 13 months after his dismissal, the Superior Court was to determine on remand the injury petitioner suffered and whether the injury merits back pay and reinstatement.

**Am Jur 2d, Public Officers and Employees § 282.**

APPEAL by petitioner from judgment entered 22 February 1991 in WAKE County Superior Court by *Judge Robert L. Farmer*. Heard in the Court of Appeals 17 March 1992.

*Genevieve C. Sims for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General T. Buie Costen, for respondent-appellee.*

NIX v. DEPT. OF ADMINISTRATION

[106 N.C. App. 664 (1992)]

LEWIS, Judge.

In this case, we review the 1986 dismissal of petitioner, a permanent State employee. Petitioner originally brought this action to the Office of State Personnel, requesting a hearing before an Administrative Law Judge and seeking reinstatement to his former or an equivalent position, back pay, and restoration of benefits. The recommended decision of the Administrative Law Judge was in petitioner's favor. The State Personnel Commission declined to fully adopt the recommended decision, and in its decision and order found for respondent. Upon the Superior Court's affirmation of the decision and order, petitioner appealed to this Court.

Petitioner was employed as a Management Engineer by the North Carolina Department of Administration ["DOA"] from 1 October 1980 until 31 August 1986. In 1984, petitioner began receiving psychiatric treatment for profound and severe depression, and was hospitalized at Holly Hill Hospital for a period of over one month in the fall of that year.

Apparently, petitioner's condition was such that he was unable, during 1985 and 1986, to function at full capacity in his job, and in fact petitioner does not have a clear memory of those years. He continued to receive medical treatment, and was prescribed medication to treat the depression. In January of 1986, petitioner was assigned to a "project commensurate with his position" in an effort to accommodate his diminished work capacity. In May 1986 petitioner was hospitalized again at Holly Hill for a series of electric shock treatments, which temporarily improved his condition.

In August 1986 petitioner was hospitalized for treatment, this time at Duke University Hospital. Against the advice of doctors, petitioner left the hospital on 8 August, fearing for his job should he remain away any longer. On 26 August, petitioner was readmitted at Holly Hill for profound depression. Given his condition and his frequent hospitalization, petitioner experienced difficulty meeting the demands of his job. For that reason, petitioner's supervisor gave him an oral warning on 27 June 1986. On 9 July 1986 petitioner received from his supervisor a written warning. This written warning noted petitioner's inability since November 1984 to fulfill satisfactorily the responsibilities of his position. The letter also indicated that petitioner's job performance was to be monitored

until 15 September 1986, at which time petitioner was to be reevaluated. Petitioner did not make it until 15 September, however.

While petitioner was at Holly Hill receiving treatment, he received a letter from his supervisor dated 28 August 1986. This letter informed petitioner that his employment "will be terminated on September 15, 1986," to be actually effective 31 August. The letter did not inform petitioner of his right to appeal his dismissal. It did, however, "encourage" him to consider disability retirement. On 8 September 1986, petitioner did in fact complete and sign the application for said disability retirement benefits. Petitioner then received disability retirement benefits for twenty-eight months and began work at the North Carolina Department of Revenue in September 1987.

We are asked to decide, given the foregoing facts, whether the respondent properly complied with N.C.G.S. § 126-35 (1991). We hold that respondent did not.

Because petitioner was a permanent State employee, it is well-settled that he enjoyed a "property interest of continued employment created by state law and protected by the Due Process Clause of the United States Constitution." *Leiphart v. North Carolina Sch. of the Arts*, 80 N.C. App. 339, 348, 342 S.E.2d 914, 921, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986), (citing *Board of Regents v. Roth*, 408 U.S. 564, 33 L.Ed. 2d 548, 92 S. Ct. 2701 (1972) and *Faulkner v. North Carolina Dep't of Corrections*, 428 F. Supp. 100 (W.D.N.C. 1977)). As a consequence, respondent could not rightfully take away this interest without first complying with appropriate procedural safeguards. *Leiphart*, 80 N.C. App. at 348-49, 342 S.E.2d at 921. These procedural safeguards include adequate notice pursuant to N.C.G.S. § 126-35.

Under N.C.G.S. § 126-35, a permanent employee may be discharged for "just cause," but only after he is "furnished with a statement in writing setting forth . . . the specific acts or omissions that are the reasons for the disciplinary action and the employee's appeal rights." N.C.G.S. § 126-35. Regulations adopted in connection with this statutory provision require a permanent employee be given three administrative warnings and a pre-dismissal conference before being dismissed for unsatisfactory job performance. 25 N.C. A. C. 1J.0605, .0606 (1991); *see also Jones v. Department of Human Resources*, 300 N.C. 687, 690-91, 268 S.E.2d 500, 502-03 (1980).

Petitioner argues that DOA failed to comply with the statutory requirements in several ways. First, petitioner received only two warnings prior to the 28 August 1986 letter which terminated his employment. Second, the 28 August 1986 letter itself was inadequate in that it lacked the requisite specificity in stating the reasons for his dismissal. Third, the letter did not inform him of his right to appeal.

As a threshold matter, we note that the statutory provisions of N.C.G.S. § 126-35 apply in this instance. Even if the action precipitating this lawsuit were not disciplinary in nature, as respondent argues, it is clear that the action was taken "in response to the vicissitudes of a department's personnel needs." *Batten v. North Carolina Dep't of Correction*, 326 N.C. 338, 345, 389 S.E.2d 35, 40 (1990). Therefore, the procedures outlined in N.C.G.S. § 126-35 are applicable.

We find an earlier decision of this Court to be dispositive of petitioner's first claim and instructive on his second. In *Leiphart v. North Carolina Sch. of the Arts*, 80 N.C. App. 339, 342 S.E.2d 914, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986), we held that notice given *simultaneously* with disciplinary action is sufficient so long as the employee is also provided with a written statement of the reasons for his discharge. *Id.* at 351, 342 S.E.2d at 922.

In this case, respondent's 28 August 1986 letter stated that petitioner was being terminated because he "had not been performing at the level expected by [his] position classification," and because there had been no "marked improvement" since the oral and the written warnings of earlier that year. The 9 July 1986 warning letter had stated that petitioner had been "unable to satisfactorily fulfill the overall responsibilities required in [his] current position." The 28 August 1986 letter also mentioned as a reason for his termination that petitioner had exhausted his vacation and sick leave as of 31 August 1986. We find this to be a sufficiently specific statement of reasons under *Leiphart*, particularly since petitioner was already on notice due to the previous two warnings that he was not performing at the expected level.

As a technical matter, respondent should have provided petitioner with three warnings *before* action was taken. However, given the circumstances and in light of the holding in *Leiphart*, we nonetheless conclude that the warnings were adequate. We hold

that the 28 August 1986 letter constituted notice filed simultaneously with departmental action because it clearly enumerated the reasons for the action. *Leiphart*, 80 N.C. App. at 351, 342 S.E.2d at 922-23.

Petitioner also asserts that the 28 August 1986 letter was inadequate because it failed to inform him of his right of appeal. The statute clearly states that "the employee shall, before the action is taken, be furnished with a statement in writing setting forth . . . the employee's appeal rights." N.C.G.S. § 126-35. This Court has held that N.C.G.S. § 126-35 "establishes a condition precedent that the employer must fulfill before disciplinary action against an employee may be taken." *Luck v. Employment Sec. Comm'n*, 50 N.C. App. 192, 194, 272 S.E.2d 607, 608 (1980). In fact, this requirement of notification of right to appeal is constitutionally mandated under the due process provisions of the United States and North Carolina constitutions. *Id.*

Respondent DOA argues that this notification of appeal rights was not necessary because "[p]etitioner was not dismissed, either directly or indirectly. Petitioner separated from state government through the mechanism of accepting disability retirement." In other words, the argument goes, petitioner did not get fired, he quit. To this argument, we respond: to take disability retirement after you are told you will be terminated on a specific date is hardly a voluntary career change.

To this Court's reading, the 28 August letter clearly states that petitioner's employment was being "terminated on September 15, 1986" and actually effective 31 August because he "had not been performing at the level expected by [his] position classification." It does not nurture credibility for respondent to argue now that petitioner resigned when he signed the application for disability retirement. Petitioner applied for disability on 8 September 1986, eleven days after the date of respondent's letter. Given the unambiguous language of the letter, we think it is reasonable to conclude that petitioner was indeed terminated by the letter, and he applied for disability retirement only because he felt he had no other option available to him. We do not believe that petitioner voluntarily resigned from his position.

Finally, petitioner argues that the State Personnel Commission's decision is not supported by substantial evidence in view of the entire record. We find this argument to be without merit. The petitioner did not object to any of the findings of fact as

set out in the Administrative Law Judge's recommended decision, adopted in their entirety by the State Personnel Commission and the Superior Court. When faced with a similar argument in a recent case, this Court found that "[s]ince neither party objected to the findings adopted by the Commission, the superior court could reasonably assume that the Commission had properly resolved these conflicts, and that the findings in each case accurately and properly reflected the whole record." *Walker v. North Carolina Dep't of Human Resources*, 100 N.C. App. 498, 503, 397 S.E.2d 350, 354 (1990), *disc. rev. denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

Because DOA did not comply with the requirement that petitioner be notified of his right to appeal, we reverse and remand this issue to the Superior Court with instructions to adopt an appropriate remedy to compensate for DOA's error. We believe this case raises certain equitable concerns. Even though DOA did not strictly comply with well-established notice requirements, we are also cognizant of the fact that petitioner applied for and received disability retirement for a period of twenty-eight months. Furthermore, in September 1987, approximately thirteen months after his dismissal, petitioner was employed by the Department of Revenue. Under these facts, we leave it to the Superior Court on remand to determine what injury petitioner suffered, and whether the injury merits reinstatement and back pay as petitioner contends.

Reversed and remanded.

Judges ARNOLD and WYNN concur.