JOHN M. SOLES, Petitioner-Appellee v. THE CITY OF RALEIGH CIVIL SERVICE COMMISSION, Respondent and THE CITY OF RALEIGH, Intervenor-Appellant

No. 9310SC235

Filed 6 June 1995

**Constitutional Law § 105 (NCI4th); Municipal Corporations § 380 (NCI4th)— termination of employee without justifiable cause—burden of proof on employee—violation of due process**

The trial court did not err in holding that the burden of proof placed upon an employee to establish that he was terminated without justifiable cause as stated in the Rules of the Raleigh Civil Service Commission violated petitioner's procedural due process rights, since petitioner possessed a constitutionally protected property interest in retaining his position with the city; the city could not deprive him of his job without due process; and the procedures in this case did not satisfy due process guarantees when considered in light of a balancing test involving the private interest affected by the official action, the risk of an erroneous deprivation of such interest through the procedures used and the probable value of additional procedural safeguards, and the government's interest including the function involved and the fiscal and administrative burdens that the additional procedural requirement would entail.

**Am Jur 2d, Constitutional Law §§ 804 et seq., 821, 822.**

Appeal by intervenor from judgment entered 21 December 1992 by Judge W. Stephen Allen, Sr. in Wake County Superior Court. Heard in the Court of Appeals 6 January 1994.

*City Attorney Thomas A. McCormick, by Associate City Attorney Lisa Harper Graham, for intervenor-appellant.*

*Law Offices of Jack B. Crawley, Jr., by Jack B. Crawley, Jr., for petitioner-appellee.*

*Edelstein & Payne, by M. Travis Payne, and North Carolina Civil Liberties Union, by William G. Simpson, Jr., appearing as amicus curiae.*

JOHN, Judge.

Intervenor-appellant City of Raleigh (the City) appeals a judgment of the superior court finding Raleigh Civil Service Act Rule .0504

**SOLES v. CITY OF RALEIGH CIVIL SERVICE COMM.**

[119 N.C. App. 88 (1995)]

(Rule .0504) unconstitutional in having placed upon petitioner-appellee John M. Soles (Soles) the burden of proving his termination from employment with the City was "without justifiable cause." Based upon that determination, the trial court remanded the matter to respondent Raleigh Civil Service Commission (the Commission) for further proceedings consistent with the court's order. The City's sole argument on appeal is that the trial court's ruling with respect to Rule .0504 constitutes reversible error. We disagree.

Pertinent factual and procedural information is as follows: Soles was initially hired by the City on 5 April 1984 as an Engineering Aide I. On 13 August 1986, he was promoted to Engineering Aide II, a position he held until 2 December 1990 when the City terminated his employment for "personal conduct detrimental to City service" pursuant to City of Raleigh Standard Procedure 300-14, Rev. B, Section 4.2(k) (1984).

According to the City's Standard Procedures, "[a]n employee . . . may be . . . dismissed for just cause[,]" and "[t]he causes for . . . dismissal fall into two categories [including] . . . causes relating to personal conduct detrimental to City service." *See* Standard Procedure 300-14, Rev. B, §§ 3.1, 3.2 (1984). Among the examples of unsatisfactory personal conduct justifying dismissal listed in section 4.2 is the following:

> Report[ing] to work under the influence of alcohol or illegal use of drugs . . . where such would adversely reflect upon ability to perform assigned duties, or possession of or partaking of such items on the job.

Standard Procedure 300-14, Rev. B, § 4.2(k). Soles was discharged when the City Engineer's investigation produced corroboration of a co-employee's accusation that Soles had violated the foregoing provision.

Following written notification of his termination, Soles appealed unsuccessfully to the City Manager. He thereafter petitioned for an administrative hearing with the Commission on 12 April 1991. Soles alleged he had been "dismissed without justifiable cause" and requested reinstatement to his former position as Engineering Aide II, back pay and counsel fees.

Hearing on Soles' petition was conducted 17 and 31 July 1991. The Commission's proposed decision, entered 16 August 1991, included the following findings of fact and conclusions of law:

27. Mr. Soles was terminated on December 2, 1990, in accordance with City of Raleigh Standard Procedure 300-14, Rev. B, Sec. 4.2(k).

. . . .

## CONCLUSIONS OF LAW

. . . .

*The petitioner failed to establish by the greater weight of the evidence that he was terminated without justifiable cause.*

The City of Raleigh adequately complied with its policies, procedures, and regulations regarding drug use by City employees and in the terminating of the employee in this case.

There was just cause sufficient to warrant the employees' [sic] termination from employment.

(Emphasis added). On 19 September 1991, the Commission issued its Final Decision, adopting *verbatim* the findings of fact and conclusions of law contained in the proposed decision.

On 11 October 1991, Soles appealed the Commission's Final Decision by filing a petition for judicial review with the Wake County Superior Court pursuant to "Section .0605 of the Rules of the City of Raleigh Civil Service Commission and N.C. General Statute Section 150B-43." *Inter alia,* Soles alleged the Commission's conclusion that he had "failed to establish by the greater weight of the evidence that he was terminated without justifiable cause" (based upon the Commission's application of the "burden of proof" set forth in Rule .0504) was "in violation of constitutional provisions." On 8 November 1991, the City moved to intervene as of right in the matter of Soles' petition, *see* N.C.R. Civ. P. 24(a) (1990), which motion was allowed.

After hearing arguments, the superior court entered judgment 16 December 1992, which included the following relevant language:

It further appearing to the Court that at the hearing before the City of Raleigh Civil Service Commission the Petitioner was required to establish, under Rule .0504 of the Rules of the Raleigh Civil Service Commission, that he was terminated without justifiable cause, the Court concludes that . . . requiring him to prove that his dismissal was unjustified is a violation of constitutional provisions of procedural due process.

SOLES v. CITY OF RALEIGH CIVIL SERVICE COMM.

[119 N.C. App. 88 (1995)]

It therefore is ORDERED that Rule .0504 of the Rules of the Raleigh Civil Service Commission shifting the burden of proof to Petitioner in these proceedings is a violation of constitutional provisions and this matter is remanded to the Raleigh Civil Service Commission for further proceedings consistent with the Court's determination that Rule .0504 of the Rules of the Civil Service Commission is unconstitutional.

---

The City's four assignments of error have been condensed in its appellate brief into one argument. Specifically, the City contends the court committed prejudicial error by ruling that the burden of proof established in Rule .0504 violated Soles' procedural due process rights under the Fourteenth Amendment to the United States Constitution. We are not persuaded by the City's argument.

It is uncontroverted that the threshold question in determining whether an individual is entitled to due process protection with respect to an occupation is whether that individual possesses a property interest or right in continued employment. *See, e.g., Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 84 L. Ed. 2d 494, 501 (1985) (citations omitted). "A [constitutionally] protected property interest arises when one has a legitimate claim of entitlement as decided by reference to state law." *Dyer v. Bradshaw,* 54 N.C. App. 136, 139, 282 S.E.2d 548, 550 (1981) (citation omitted). If such an interest exists, a person cannot be deprived of employment unless the employer "first compl[ies] with appropriate procedural safeguards." *Nix v. Dept. of Administration,* 106 N.C. App. 664, 666, 417 S.E.2d 823, 825 (1992) (citation omitted).

Soles emphasizes that the Raleigh Civil Service Act (the Civil Service Act) and personnel policies enacted pursuant thereto establish that "just cause" must be shown before a City employee may be discharged. Because of such provisions, Soles continues, he indeed possessed a constitutionally protected property interest in continued employment as an Engineering Aide II. Soles' reasoning is valid.

An examination of North Carolina law, *see, e.g., id.,* reveals our courts have previously established that the "just cause" provision contained in the State Personnel Act, *see* N.C. Gen. Stat. § 126-35 (1993), creates a "property interest of continued employment . . . protected by the Due Process Clause of the United States Constitution." *Leiphart v. N.C. School of the Arts,* 80 N.C. App. 339, 348, 342 S.E.2d 914, 921 (citations omitted), *disc. review denied,* 318 N.C. 507, 349

S.E.2d 862 (1986); *see also Nix*, 106 N.C. App. at 666, 417 S.E.2d at 825; *see also Loudermill*, 470 U.S. at 538-39, 84 L. Ed. 2d at 501.

The Civil Service Act and related personnel policies governing Soles' employment likewise establish that "just cause" must be shown in order for a City employee to be terminated. *See, e.g., Howell v. Town of Carolina Beach*, 106 N.C. App. 410, 417, 417 S.E.2d 277, 281 (1992) ("The Town's ordinance, in effect, is comparable to rights given State employees pursuant to N.C.G.S. § 126-35.")

For example, Raleigh Standard Procedure 300-14 (upon which Soles' discharge was based) in pertinent part provides that:

> 3.1 An employee, regardless of occupation, position, profession or work performed, may be warned, reprimanded, placed on probation, demoted, transferred, suspended or dismissed *for just cause.* The degree and kind of action to be taken will be based upon the sound and considered judgment of the appropriate authority in accordance with the provisions of this policy.

> 3.2 The *causes* for suspension or dismissal fall into two categories: (1) *Causes* relating to performance of duties; (2) *causes* relating to personal conduct detrimental to City service.

> . . . .

> 4.2 Personal Conduct—The following are examples of unsatisfactory personal conduct . . . :

> . . . .

> k. Report to work under the influence of alcohol or illegal use of drugs, . . . where such would adversely reflect upon ability to perform assigned duties, or possession of or partaking of such items on the job.

(Emphasis added).

In addition, the Commission itself expressly recognized the need for Soles' dismissal to be based upon "cause." First, the Chairman stated at the close of Soles' hearing that the Commission would make findings on "the issues of whether or not there was justifiable cause to terminate Mr. Soles . . . ." Further, the Commission included the following among the Conclusions of Law in its Final Decision: "[Soles] failed to establish by the greater weight of the evidence that he was terminated *without justifiable cause.*" (Emphasis added).

We therefore hold petitioner Soles possessed a constitutionally protected property interest in retaining his position as Engineering Aide II with the City. Consequently, the City "could not deprive [him] of [his job] without due process." *Loudermill*, 470 U.S. at 538, 84 L. Ed. 2d at 501; *Nix*, 106 N.C. App. at 666, 417 S.E.2d at 825 ("respondent could not rightfully take away this interest without first complying with appropriate procedural safeguards").

Notwithstanding, the City asserts that in adopting the Civil Service Act, our General Assembly permissibly narrowed the extent of the property interest granted City employees by providing limited procedures for termination of employment. In particular, the City maintains "[t]he North Carolina legislature gave the City a presumption of correctness by placing the burden of proof on the employee . . . to show 'by the greater weight' of the evidence that the administration's actions were wrong and that the City's discharge procedures were not properly followed." *See* Civil Service Act Rule .0504.

As support for its argument, the City relies upon the principle that employment relationships in North Carolina are generally "terminable at will." *See, e.g., Kearney v. County of Durham*, 99 N.C. App. 349, 351, 393 S.E.2d 129, 130 (1990) (citations omitted). Absent enactment of the Civil Service Act, the City explains, Soles would have had no property interest in continued employment and thus could have been dismissed at the will of his employer. Since the General Assembly by enacting the statute conferred upon Soles greater protection than "employment at will," the argument continues, the legislature was free in its discretion to tailor procedural safeguards associated with loss of his employment as it deemed appropriate.

However, Soles correctly responds that the United States Supreme Court has stated:

> "Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process "is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards."

*Loudermill*, 470 U.S. at 541, 84 L. Ed. 2d at 503 (alteration in original) (quoting *Arnett v. Kennedy*, 416 U.S. 134, 167, 40 L. Ed. 2d 15, 40-41

(1974)). Therefore, following the directive of *Loudermill,* we reject this portion of the City's argument.

Given Soles' constitutionally protected property interest in retaining his position with the City, the question remains as to the nature and composition of the procedural methodology which would satisfy due process guarantees. *Loudermill,* 470 U.S. at 541, 84 L. Ed. 2d at 503 (citation omitted). Rather than attempting to draft a rule for the municipality, we believe our proper role, *see, e.g., Lassiter v. Dept. of Social Services,* 452 U.S. 18, 32, 68 L. Ed. 2d 640, 652-53 (citation omitted), *reh'g denied,* 453 U.S. 927, 69 L. Ed. 2d 1023 (1981), is rather to address the narrower issue of whether the procedures followed in the case *sub judice* comported with the requirements of due process.

Raleigh Civil Service Act Rule .0504 provides:

.0504 BURDEN OF PROOF

(a) The employee has the burden to prove that the action taken against him was unjustified.

. . . .

(c) The employee must prove his case by the greater weight of the evidence; that is, over fifty percent of the evidence must favor the employee's position in the matter.

The parties agree that determining the composition of adequate process involves a balancing test. *See In re Lamm,* 116 N.C. App. 382, 385, 448 S.E.2d 125, 128 (1994) ("In resolving any claimed violation of procedural due process, a balance must be struck between the respective interests of the individual and the governmental entity seeking a remedy.") (citation omitted), *disc. review allowed,* 339 N.C. 613, 454 S.E.2d 253 (1995); *see also Mathews v. Eldridge,* 424 U.S. 319, 334-35, 47 L. Ed. 2d 18, 33 (1976) (citations omitted); *Lassiter,* 452 U.S. at 27, 68 L. Ed. 2d at 649 (citation omitted); *Loudermill,* 470 U.S. at 542-45, 84 L. Ed. 2d at 504-06 (citations omitted); *see also Santosky v. Kramer,* 455 U.S. 745, 754, 71 L. Ed. 2d 599, 607 (1982) (*Mathews* balancing test applied in context of determining whether statutory allocation of standard of proof violates due process).

The *Mathews* case, frequently cited by our courts, provides the following specification of factors necessarily involved in the balancing process:

[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335, 47 L. Ed. 2d at 33 (citation omitted).

In its suggested measurement of the foregoing factors, the City first asserts that Soles' interest is the "desire to have the presumption of correctness in his favor," and contends such interest "was no more at stake than [that of] any other employee." Further, the City argues Soles' interest was adequately protected because the "nature of the misconduct was not disclosed to the public[;] . . . [and Soles] was not faced with criminal sanctions. The City could not prosecute him for the alleged offense. And, he could not be put on probation, fined or incarcerated."

Additionally, the City claims its own "interest in insuring that employees were not using illegal drugs at work outweighed [Soles'] desire to have the presumption of correctness in his favor." As a matter of policy, the City urges us to accord greater weight to its need "to discipline and terminate employees who do not meet [its] standard . . . especially . . . when a question of drug use is involved."

Lastly, based upon the City Engineer's extensive investigation into the accusation against Soles and affording the latter two opportunities to respond, the City contends there was "substantial competent and material evidence" before the Commission to support its findings and conclusions. Thus, the City concludes, requiring Soles to show at the hearing that he was wrongfully discharged did not in any event prevent the Commission from making an "informative and correct" decision.

However, our balancing of the three factors enunciated in *Mathews* produces a different result. First, the "private interest" affected by the challenged procedure in the case *sub judice* must be considered. In this context, we again find guidance in the Supreme Court's *Loudermill* decision:

[T]he significance of the private interest in retaining employment cannot be gainsaid. We have frequently recognized the severity of depriving a person of the means of livelihood. While a fired

worker may find employment elsewhere, doing so will take some time and is likely to be burdened by the questionable circumstances under which he left his previous job.

*Loudermill,* 470 U.S. at 543, 84 L. Ed. 2d at 504 (citations omitted). Substantial weight must therefore be accorded Soles' interest in retaining the employment in which he possessed a constitutionally protected property right.

Regarding the second factor ("the risk of an erroneous deprivation of [the private] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"), we agree with Soles that requiring the dismissed employee to prove that the "action taken against him was unjustified" significantly increases the risk of an erroneous deprivation of the right to retain employment. *See Speiser v. Randall,* 357 U.S. 513, 525, 2 L. Ed. 2d 1460, 1472 ("where the burden of proof lies may be decisive of the outcome"), *reh'g denied,* 358 U.S. 860, 3 L. Ed. 2d 95 (1958).

In addition, the risk of error would indisputably be minimized if the appropriate "substitute procedural safeguard" was employed in circumstances such as these—i.e., the City was required to carry the burden of proving its employee was terminated based upon cause. Indeed, as with the "significance of the private interest in retaining employment," *Loudermill,* 470 U.S. at 543, 84 L. Ed. 2d at 504, the "probable value" of such a substitute procedural safeguard "cannot be gainsaid." *Id.*

Concerning the third *Mathews* factor (the City's interest served by the particular procedures utilized), the City's legitimate interest in "insuring that employees [are] not using illegal drugs at work . . . [and in] maintain[ing] good and efficient employees for the efficient operation of the government" must be acknowledged. While the balancing test consequently becomes a much closer decision concerning this final factor, we nonetheless believe the scales tip in favor of·an individual employee's right to retain constitutionally protected employment until the City proves cause exists for termination.

Moreover, while the City asserts "fiscal and administrative burdens" would be required upon implementation of the appropriate "substitute procedural safeguard," we are convinced that should any additional difficulty or expense be incurred by the City, such would be minimal. Stated otherwise, because the City previously conducted an investigation and compiled evidence it believed sufficient to war-

STRICKLAND v. CAROLINA CLASSICS CATFISH

[119 N.C. App. 97 (1995)]

rant Soles' dismissal, requiring it thereafter to show just cause for his discharge would add little, if any, "fiscal and administrative burden."

Finally, in reaching our decision we are mindful that "[d]ue process of law formulates a *flexible concept, to insure fundamental fairness* in judicial or administrative proceedings which may adversely affect the protected rights of an individual." *Lamm*, 116 N.C. App. at 385, 448 S.E.2d at 128 (emphasis added) (citations omitted). We also share the trial court's stated concern that the requirements of procedural due process are heightened when, as here, an "employee is accused of misconduct which amounts to a criminal offense against the laws of the State of North Carolina . . . ." *See* N.C. Gen. Stat. § 90-95(a)(3) (1993).

For the reasons discussed hereinabove, we hold that the procedures utilized by the City and the Commission in terminating Soles' employment were constitutionally infirm. Specifically, requiring Soles to establish by the greater weight of the evidence that his termination was unjustified, *see* Rule .0504(a) and (c), violated his right to procedural due process. We therefore affirm the judgment of the superior court ordering that this matter be remanded to the Raleigh Civil Service Commission for further proceedings consistent with the court's determination that Rule .0504's allocation of the burden of proof is unconstitutional.

Affirmed.

Judges COZORT and GREENE concur.