MICHAEL T. WINBUSH, Petitioner v. WINSTON-SALEM STATE UNIVERSITY,
Respondent

No. COA03-891

(Filed 20 July 2004)

**1. Public Officers and Employees— university coach—jurisdiction to hear petition to reinstate duties**

The superior court did not err by concluding that the Office of Administrative Hearings (OAH) and State Personnel Commission (SPC) had jurisdiction to hear the petition seeking to reinstate petitioner's duties as Assistant Football Coach and Head Women's Softball Coach at Winston-Salem State University, because: (1) an employee petition filed with the OAH that alleges the employee has been dismissed, demoted, or suspended without just cause is sufficient to invoke the jurisdiction of the OAH and SPC; and (2) in this case petitioner alleged he had been discharged without just cause or reassigned without just cause when he was relieved of his athletic duties and privileges by respondent's Athletics Director, thus alleging a discharge or demotion.

**2. Public Officers and Employees— university coach—demotion or discharge**

The superior court erred by concluding petitioner had been demoted or discharged from his coaching duties in violation of N.C.G.S. § 126-34.1(a)(1), because: (1) at most, the evidence shows a reassignment as petitioner claims to have lost his more significant coaching responsibilities; (2) a demotion is defined as a lowering in rank, position, or pay, and in the instant case petitioner's paygrade remained the same; and (3) as the promised raise in salary had not yet come into effect at the time of his reassignment, petitioner has also failed to show a demotion through a decrease in pay.

Appeal by respondent from order filed 17 March 2003 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 17 March 2004.

*Elliot Pishko Morgan, P.A., by Robert M. Elliot, for petitioner-appellee.*

*Attorney General Roy Cooper, by Assistant Attorneys General Joyce S. Rutledge, for respondent-appellant.*

BRYANT, Judge.

Winston-Salem State University (respondent) appeals a superior court order filed 17 March 2003 reversing an order by the State Personnel Commission (SPC) and ordering the reinstatement of Michael T. Winbush (petitioner) to his duties as Assistant Football Coach and Head Women's Softball Coach.

On 2 October 2000, petitioner filed a petition for a contested case hearing with the Office of Administrative Hearings (OAH). The petition alleged petitioner had been discharged or reassigned from his coaching duties without just cause. Attached to the petition was a statement by petitioner that he had been "relieved of [his] athletic duties and privileges effective June 30, 2000" by respondent's Athletics Director. In a recommended decision, the administrative law judge (ALJ) who initially heard the case concluded: (1) the OAH had "jurisdiction over this contested matter" and (2) petitioner was demoted without just cause. The SPC, however, rejected the ALJ's findings of fact and conclusions of law as "erroneous as a matter of law." In rejecting the ALJ's recommended decision in its entirety, the SPC stated: "The Commission finds that neither the ALJ nor the Commission have jurisdiction under Chapter 126 over [p]etitioner's complaint, as an employee subject to the State Personnel Act, that he was not assigned the job duties of his choice, i.e. specifically certain coaching duties and responsibilities." Petitioner appealed the SPC ruling to the superior court.

In an order filed 17 March 2003, the superior court in turn reversed the SPC decision, finding jurisdiction and making the following pertinent findings of fact:

> 33. As a result of the disciplinary action . . . , [petitioner] did not receive the 10% raise in salary in July[] 2000, which he had been told that he would receive for his coaching accomplishments.
>
> . . . .
>
> 35. [Petitioner] is still employed at WSSU as a recreation worker, and his pay[]grade has not changed. [Petitioner] was hired as a coach, has excelled as a coach and has developed a reputation as an excellent coach; however, he has not been allowed to coach at WSSU since June 30, 2000.

The superior court concluded petitioner had been demoted or discharged for disciplinary reasons without just cause from his position

as coach. The superior court also concluded that petitioner had been denied a 10% pay raise for his coaching responsibilities.

---

The issues are whether: (I) the allegations in the petition invoked the jurisdiction of the OAH and SPC and (II) the superior court erred in concluding petitioner had been demoted or discharged from his coaching duties in violation of N.C. Gen. Stat. § 126-34.1(a)(1).

I

**[1]** The rights of university employees to challenge any employment action in the OAH arise solely from the State Personnel Act (SPA). *University of North Carolina v. Feinstein*, 161 N.C. App. 700, 703, 590 S.E.2d 401, 402 (2003). Thus, the OAH's jurisdiction over appeals of university employee grievances is confined to the limits established by the SPA. *Id.* at 703, 590 S.E.2d at 403. In 1995, N.C. Gen. Stat. § 126-34.1 was enacted to specifically define the types of employee appeals that constitute contested case issues of which the OAH may hear. *Id.*; N.C.G.S. § 126-34.1(a) (2003) (explicitly stating that State employees may file in the OAH "only as to the following personnel actions or issues").

N.C. Gen. Stat. § 126-34.1 provides in pertinent part that a State employee or former State employee has the right to challenge his "[d]ismissal, demotion, or suspension without pay based upon an alleged violation of G.S. 126-35, if the employee is a career State employee."[1] N.C.G.S. § 126-34.1(a)(1) (2003). Pursuant to N.C. Gen. Stat. § 126-35, "[n]o career State employee subject to the [SPA] shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause." N.C.G.S. § 126-35(a) (2003). Therefore, an employee petition filed with the OAH that alleges the employee has been dismissed, demoted, or suspended without just cause is sufficient to invoke the jurisdiction of the OAH and SPC. *See Campbell v. N.C. Dep't of Transp.*, 155 N.C. App. 652, 660, 575 S.E.2d 54, 60 (for claim under N.C. Gen. Stat. § 126-34.1, "[j]urisdiction rests on the allegations of the petitioner"), *disc. review denied*, 357 N.C. 62, 579 S.E.2d 386 (2003); *see also Batten v. N.C. Dep't of Correction*, 326 N.C. 338, 346-47, 389 S.E.2d 35, 41 (1990) (holding that the mere "allegation that an employee has been 'demoted in rank without sufficient cause' invokes . . . the jurisdiction of the State Personnel Commission [and] that of the OAH"), *disapproved of on other grounds by Empire Power Co. v. N.C. Dep't of E.H.N.R.*, 337 N.C. 569, 447 S.E.2d 768

---

1. The parties do not dispute that petitioner qualifies as a career State employee.

(1994); *Fearrington v. University of North Carolina*, 126 N.C. App. 774, 781, 487 S.E.2d 169, 174 (1997) ("[t]he Commission has jurisdiction to review[, *inter alia*,] appeals involving government employees subject to the Personnel Act where an employee was . . . discharged, suspended or demoted for disciplinary reasons without just cause").

In this case, the petition filed by petitioner alleged he had been discharged without just cause or reassigned without just cause when he was "relieved of [his] athletic duties and privileges effective June 30, 2000" by respondent's Athletics Director. Under our liberal rules of construction for allegations raised in a party's pleading, the petition thus *alleges* either a discharge or demotion. *See* N.C.G.S. § 1A-1, Rule 8(f) (2003) (the allegations in a pleading must be liberally construed so "as to do substantial justice"); *Black's Law Dictionary* 444 (7th ed. 1999) (to "demote" is defined as "[t]o lower in rank, position, or pay"). Accordingly, the superior court properly concluded that the OAH and SPC had jurisdiction to hear the petition.

II

[2] We next consider whether the superior court erred in concluding that petitioner had been demoted or discharged from his coaching duties in violation of N.C. Gen. Stat. § 126-34.1(a)(1).

The evidence establishes that petitioner was neither dismissed nor demoted from his respondent employment. In 1994, respondent's Student Affairs Department hired petitioner to fill the position of "Recreation Worker II." Petitioner's annual salary was $22,557.00, which was equivalent to a "paygrade 64" on the N.C. State Salary Schedule. As a respondent employee, petitioner's primary responsibility was to coach football and women's softball. In April 2000, petitioner was commended for his coaching accomplishments and told he would receive an additional 10% raise in salary effective 1 July 2000.

In June 2000, a dispute arose over petitioner's coaching performance: Petitioner had organized a youth football camp to occur on 18 and 19 June 2000. After having scheduled the football camp, petitioner learned he was required to attend a respondent staff retreat on 17 and 18 June 2000. Petitioner made arrangements for his staff to operate the football camp while he attended the required respondent staff retreat. However, against the instructions of his supervisor, petitioner failed to obtain prior, written approval to conduct the football camp. Consequently, effective 1 July 2000 petitioner was removed

from his coaching duties and began serving as intramural coordinator, without change to his paygrade or Recreation Worker II status. In addition, he failed to receive the promised raise in salary for his coaching accomplishments.

This evidence shows petitioner was neither dismissed nor demoted in his Recreation Worker II position at respondent. At most, the evidence speaks to a reassignment, as petitioner claims to have lost his more significant coaching responsibilities. "Because petitioner [is] a permanent State employee, it is well-settled that he [has] a 'property interest of continued employment created by state law and protected by the Due Process Clause.' " *Nix v. Dep't of Administration*, 106 N.C. App. 664, 666, 417 S.E.2d 823, 825 (1992) (citation omitted). That interest "does not extend to the right to possess or retain a particular job or to perform particular services." *Fields v. Durham*, 909 F.2d 94, 98 (4th Cir. 1990), *cert. denied*, 498 U.S. 1068, 112 L. E. 2d 849 (1991); *Babb v. Harnett County Bd. of Education*, 118 N.C. App. 291, 454 S.E.2d 833 S.E.2d 184 (rejecting plaintiff's argument that under contract and the State Constitution he had a protected property interest in being assigned coaching duties), *disc. rev. denied*, 340 N.C. 358, 458 S.E.2d 184 (1995).

As previously stated, a demotion is defined as a "lower[ing] in rank, position, or pay," *Black's Law Dictionary* 444. Rank is defined as "relative standing or position" within a group. *Webster's Third New International Dictionary* 1881 (3d ed. 1966). A reduction in position under the SPA has been construed by this Court to mean the placement of an employee "in a lower paygrade." *Gibbs v. Dept. of Human Resources*, 77 N.C. App. 606, 611, 335 S.E.2d 924, 927 (1985) (rejecting a petitioner's contention that she had been demoted under the SPA when she was reassigned to a position with fewer responsibilities but which was subject to the same paygrade). In the instant case, petitioner's paygrade remained the same. Furthermore, as the promised raise in salary had not yet come into effect at the time of his reassignment, petitioner has also failed to show a demotion through a decrease in pay. As such, petitioner was neither discharged nor demoted and is not entitled to relief under the SPA. Accordingly, the superior court erred in concluding that petitioner had been discharged without just cause.

Affirmed in part, reversed in part.

Judges McCULLOUGH and ELMORE concur.