RICHARD W. LEE, Petitioner v. N.C. DEPT. OF TRANSPORTATION, Respondent

No. COA05-57

(Filed 7 February 2006)

**1. Appeal and Error— scope of review—de novo—error of law**

The trial court did not err by applying a de novo scope of review to the State Personnel Commission's (SPC) decision in an action alleging hostile work environment and discrimination based on petitioner state employee's race as an African-American, because: (1) petitioner excepted to the SPC's decision that it lacked jurisdiction on the ground that it is based on errors of law; and (2) when the appealing party asserts that the agency's decision was based on an error of law, the trial court must apply a de novo review.

**2. Public Officers and Employees— state employee—jurisdiction—racial harassment—written complaint required**

The trial court erred by concluding that the State Personnel Commission (SPC) had jurisdiction to hear petitioner state employee's racial harassment claim under N.C.G.S. § 126-34.1(a)(1), because: (1) petitioner did not have a statutory right of direct appeal to SPC since an employee may appeal a claim of discrimination directly to SPC, but an employee alleging harassment must comply with N.C.G.S. § 126-34 as a prerequisite to appealing to SPC; and (2) the failure of petitioner to comply with N.C.G.S. § 126-34 by submitting a written complaint to respondent and allowing 60 days for respondent to reply was jurisdictional.

**3. Public Officers and Employees— state employee—jurisdiction-retaliation for protecting right to equal opportunity for employment and compensation**

The trial court erred by finding that N.C.G.S. § 126-34.1(a)(3) provided another source of jurisdiction in this case for a state employee to appeal directly to the Office of Administrative Hearings when he believed that he has been retaliated against for protecting alleged violations of his right to equal opportunity for employment and compensation, because: (1) in order to trigger the jurisdiction of the State Personnel Commission, petitioner was required to comply with N.C.G.S. § 126-34 prior to filing a petition for a contested case; and (2) petitioner's failure to follow respondent's internal grievance procedure prior to appealing his retaliation claim deprived SPC of jurisdiction.

LEE v. N.C. DEP'T OF TRANSP.

[175 N.C. App. 698 (2006)]

**4. Public Officers and Employees— state employee—jurisdiction—discrimination**

The trial court did not err by concluding that the State Personnel Commission (SPC) had jurisdiction over petitioner state employee's discrimination claim under N.C.G.S. § 126-34.1(a)(2), because: (1) although the petition did not allege racial discrimination, the petition stated that the grievance was based upon demotion, and the prehearing statement alleged demotion due to race whereby petitioner was transferred from a truck driving job to a flagging job requiring him to stand for long periods of time; (2) the prehearing statement also stated that petitioner was sent to the wrong location when he applied to take a training course; (3) the pleadings including both the petition and the prehearing statement are construed liberally, N.C.G.S. § 1A-1, Rule 8(f); and (4) petitioner had a direct right to appeal to SPC under N.C.G.S. § 126-36 where his grievance asserts discrimination.

Judge LEWIS concurring in part and dissenting in part.

Appeal by respondent from order entered 11 June 2004 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 15 September 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Tina A. Krasner, for respondent-appellant.*

*McSurely & Osment, by Alan McSurely, for petitioner-appellee.*

ELMORE, Judge.

Richard W. Lee (petitioner) was employed by the North Carolina Department of Transportation (respondent) as a member of the maintenance crew. On 10 September 1999 petitioner filed a petition for a contested case hearing in the Office of Administrative Hearings (OAH). Subsequent to obtaining counsel, petitioner filed a prehearing statement. The petition alleged a hostile work environment and demotion with insufficient cause. The prehearing statement stated that petitioner was setting forth claims of hostile work environment and discrimination, both because of his race as an African-American.

Respondent filed a motion to dismiss the petition, and the administrative law judge (ALJ) denied this motion on 10 May 2000. The ALJ entered a recommended decision on 29 August 2001, concluding that respondent discriminated against petitioner because of his race,

created a racially hostile environment, and retaliated against petitioner for his objections to respondent's attempts to terminate him. The State Personnel Commission (SPC) considered the recommended decision and found it had no jurisdiction to hear petitioner's allegations. The SPC noted that if its finding on jurisdiction were to be reversed, then it adopts the findings and conclusions of the ALJ. Petitioner filed a petition for judicial review in Wake County Superior Court. The trial court entered an order on 11 June 2004 concluding that the SPC erred when it found it lacked jurisdiction over the issues in petitioner's case. The court remanded the case to the SPC to implement the six remedies stated in the ALJ's recommended decision. From this order, respondent appeals.

**[1]** Respondent assigns error to the trial court's conclusions that: (1) the SPC had jurisdiction to hear petitioner's racial harassment and retaliation claims; and (2) the SPC had jurisdiction over a discrimination claim because petitioner alleged he was demoted and denied training. This Court reviews the trial court's order regarding an agency decision for errors of law, which involves "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 14, 565 S.E.2d 9, 18 (2002) (internal quotations omitted). Thus, we first determine whether the trial court applied the correct standard of review. Petitioner excepted to the SPC's decision that it lacked jurisdiction on the grounds that it is based on errors of law. The trial court stated that, since an error of law was raised, *de novo* review of the jurisdictional issue was proper. Where the appealing party asserts that the agency's decision was based on an error of law, the trial court must apply a *de novo* review. *See Welter v. Rowan Cty. Bd. of Comm'rs*, 160 N.C. App. 358, 361, 585 S.E.2d 472, 475 (2003). "Under a *de novo* review, the superior court 'consider[s] the matter anew[] and freely substitutes its own judgment for the agency's judgment.' " *Mann Media*, 356 N.C. at 13, 565 S.E.2d at 17 (quoting *Sutton v. N.C. Dep't of Labor*, 132 N.C. App. 387, 389, 511 S.E.2d 340, 341 (1999)). Here, the trial court applied the appropriate scope of review, a *de novo* review of the SPC's decision.

**[2]** We next determine whether the trial court properly exercised its review. Since each type of claim that petitioner alleged against respondent has distinct jurisdictional requirements, we must review them individually. The first issue is whether the SPC lacked jurisdiction to hear petitioner's racial harassment claim asserted under N.C.

Gen. Stat. § 126-34.1(a)(10). The SPC found that petitioner failed to comply with N.C. Gen. Stat. § 126-34, which required him to submit written notice to respondent of his harassment claim prior to filing a petition for a contested case. N.C. Gen. Stat. § 126-34 provides:

> Unless otherwise provided in this Chapter, any career State employee having a grievance arising out of or due to the employee's employment and who does not allege unlawful harassment or discrimination because of the employee's age, sex, race, color, national origin, religion, creed, handicapping condition as defined by G.S. 168A-3, or political affiliation shall first discuss the problem or grievance with the employee's supervisor and follow the grievance procedure established by the employee's department or agency. *Any State employee having a grievance arising out of or due to the employee's employment who alleges unlawful harassment because of the employee's age, sex, race, color, national origin, religion, creed, or handicapping condition as defined by G.S. 168A-3 shall submit a written complaint to the employee's department or agency. The department or agency shall have 60 days within which to take appropriate remedial action. If the employee is not satisfied with the department or agency's response to the complaint, the employee shall have the right to appeal directly to the State Personnel Commission.*

N.C. Gen. Stat. § 126-34 (2005) (emphasis added). A State employee having a grievance is provided with the statutory right to appeal certain claims directly to the SPC, *i.e.*, without first filing an internal complaint or exhausting his employer's internal grievance procedures. *See* N.C. Gen. Stat. § 126-36 (2005). In accordance with this section, an employee may appeal a claim of discrimination directly to the SPC, but an employee alleging harassment must comply with N.C. Gen. Stat. § 126-34 as a prerequisite to appealing to the SPC. *See id.*

Here, petitioner did not have a statutory right of direct appeal to the SPC. The failure of petitioner to comply with N.C. Gen. Stat. § 126-34 by submitting a written complaint to respondent and allowing 60 days for respondent to reply was jurisdictional. *See* N.C. Gen. Stat. § 126-37(a) (2005) ("Appeals involving a disciplinary action, alleged discrimination or harassment, and any other contested case arising under this Chapter shall be conducted in the Office of Administrative Hearings as provided in Article 3 of Chapter 150B;

provided that *no grievance may be appealed unless the employee has complied with G.S. 126-34.*") (emphasis added). Accordingly, the SPC lacked jurisdiction to hear petitioner's racial harassment claim. The trial court erred in determining that the SPC had jurisdiction to hear the claim.

**[3]** Next, we address respondent's argument that the trial court incorrectly found N.C. Gen. Stat. § 126-34.1(a)(3) provided another source of jurisdiction in the case. Specifically, the trial court found that N.C. Gen. Stat. § 126-34.1(a)(3) provides jurisdiction for a State employee to appeal directly to the OAH when he believes he has been retaliated against for protesting alleged violations of his right to equal opportunity for employment and compensation. The trial court also found that respondent was on notice that the petition and prehearing statement alleged a retaliation claim and that respondent did not object to this basis for jurisdiction. We need not address the latter finding, that petitioner's allegations were sufficient to put respondent on notice of the nature of the claim, because we determine that petitioner did not have a right of direct appeal regarding this claim. Section 126-36 provides a State employee with the right to appeal directly to the OAH a grievance alleging discrimination as set forth in N.C. Gen. Stat. § 126-34.1(a)(2); however, an appeal of a grievance alleging harassment or retaliation for opposition to harassment is subject to the requirements of N.C. Gen. Stat. § 126-34. Section 126-36 is silent on a claim of retaliation for protesting alleged discrimination in violation of the employee's right to equal opportunity for employment and compensation.

We find no other section of Chapter 126 providing a direct right of appeal to an employee asserting retaliation based upon the employee's protest of an alleged violation of the right to equal opportunity for employment and compensation. *Cf.* N.C. Gen. Stat. § 126-36.1 (2005) ("Any *applicant* for State employment who has reason to believe that employment was denied in violation of G.S. 126-16 [right to equal opportunity for employment and compensation] shall have the right to appeal directly to the State Personnel Commission.") (emphasis added). In order to trigger the jurisdiction of the SPC, petitioner was required to comply with Section 126-34 prior to filing a petition for a contested case. *See Nailing v. UNC-CH*, 117 N.C. App. 318, 324, 451 S.E.2d 351, 355 (1994) (petitioner must follow requirements of Chapter 126 for commencing a contested case in order for OAH to have jurisdiction), *disc. review denied*, 339 N.C. 614, 454 S.E.2d 255 (1995); *Lewis v. N.C. Dep't. of Human Resources,*

92 N.C. App. 737, 739, 375 S.E.2d 712, 714 (1989) ("The right to appeal to an administrative agency is granted by statute, and compliance with statutory provisions is necessary to sustain the appeal."). Petitioner's failure to follow respondent's internal grievance procedure prior to appealing his retaliation claim deprived the SPC of jurisdiction. The trial court erred in concluding that the SPC had jurisdiction over a retaliation claim pursuant to N.C. Gen. Stat. § 126-34.1(a)(3).

**[4]** The final issue is whether petitioner alleged a discrimination claim under N.C. Gen. Stat. § 126-34.1(a)(2). The parties agree that, if alleged properly, this is a separate claim conferring subject matter jurisdiction to the SPC. Respondent contends that petitioner failed to allege discrimination in his petition because he did not allege a specific adverse employment action. Petitioner's petition did not allege racial discrimination. However, the petition stated that the grievance was based upon demotion.[1] The prehearing statement alleged demotion due to race and stated that petitioner was transferred from a truck driving job to a flagging job requiring him to stand for long periods of time. The prehearing statement also stated that petitioner was sent to the wrong location when he applied to take a training course. The trial court concluded that petitioner sufficiently alleged a discrimination claim. Construing the pleadings liberally, including both the petition and the prehearing statement, we agree. *See* N.C. Gen. Stat. § 1A-1, Rule 8(f) (pleadings must be construed so "as to do substantial justice"); *Winbush v. Winston-Salem State Univ.*, 165 N.C. App. 520, 522-23, 598 S.E.2d 619, 621-22 (2004) (petition alleging that employee was "relieved of [his] athletic duties and privileges" was sufficient to allege demotion and invoke jurisdiction of OAH and SPC; jurisdiction rests on allegations of petitioner, which must be construed liberally). Additionally, we note that petitioner has a direct right of appeal to the SPC where his grievance asserts discrimination. *See* N.C. Gen. Stat. § 126-36 (2005). Thus, the trial court correctly concluded that the SPC has jurisdiction over petitioner's discrimination claim.

For the foregoing reasons, we affirm the trial court's conclusion that the SPC has jurisdiction to hear petitioner's discrimination claim. We reverse the court's conclusions that the SPC has jurisdiction to hear petitioner's racial harassment or retaliation claims.

---

1. Petitioner altered the form from "demotion without just cause" to read "demotion without [sic] Insufficient Cause."

Affirmed in part; reversed in part.

Judge HUDSON concurs.

Judge LEWIS concurs in part, dissents in part by separate opinion.

LEWIS, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that the SPC lacked jurisdiction to hear petitioner's racial harassment and retaliation claims. However, because I disagree with the majority's conclusion that the SPC had jurisdiction to hear petitioner's racial discrimination claim, I respectfully concur in part and dissent in part.

"Construing the pleadings liberally, including both the petition and prehearing statement," the majority concludes petitioner sufficiently alleged racial discrimination on the part of respondent. However, I note that "[f]iling a petition in the OAH to commence a contested case hearing is a mandatory step for the OAH to exercise subject matter jurisdiction over [a] petitioner's appeal under Chapter 126." *Nailing v. UNC-CH*, 117 N.C. App. 318, 327, 451 S.E.2d 351, 357 (1994), *disc. review denied*, 339 N.C. 614, 454 S.E.2d 255 (1995); *see* N.C. Gen. Stat. §§ 126-37(a), 150B-123. "Whether a prehearing statement should be filed is within the discretion of the administrative law judge." *Nailing*, 117 N.C. App. at 327, 451 S.E.2d at 357 (citation omitted). Thus, "[i]f the administrative law judge requires a party to file a prehearing statement, the prehearing statement is filed *after* the contested case has already been commenced by filing the petition pursuant to N.C. Gen. Stat. § 150B-23." *Id.* at 328, 451 S.E.2d at 357 (concluding petitioner failed to timely file a contested case petition with OAH regarding discrimination based upon a handicapping condition, despite amendment of her prior prehearing statement to include such an allegation).

Here, petitioner's case was commenced by the filing of a "Petition For A Contested Case Hearing" form ("the Form") provided by the Office of Administrative Hearings. Prior to asking the petitioner to "state facts showing how [he or she] believe[s] [he or she] ha[s] been harmed by the State local agency or board," the Form provides several choices from which the petitioner may allege his or her "appeal is based on." The choices are placed in a conspicuous area of the Form, and the petitioner is expressly instructed to "check all that apply." As the majority notes, in this case petitioner altered the

NELLO L. TEER CO. v. N.C. DEP'T OF TRANSP.

[175 N.C. App. 705 (2006)]

"demotión without just cause" choice on his Form to read "demotion without Insufficient Cause," and he further added that his appeal was based on "Hostile Work environment." However, petitioner failed to check any of the boxes beneath the set of choices regarding "discrimination and or retaliation for opposition to alleged discrimination," and he failed to indicate which type of discrimination he suffered, despite the Form's explicit instruction that "[i]f your appeal is based upon alleged discrimination and or retaliation for opposition to alleged discrimination, you **must** specify the type of discrimination." While petitioner's prehearing statement suggests he was harassed and perhaps demoted based upon his race, the Form contains no allegation regarding discrimination in general or racial discrimination in particular.

I note that petitioner acted *pro se* when completing the Form. However, I believe the Form was designed with *pro se* petitioners in mind, and I reemphasize that its instructions are plain and its requirements are neither burdensome nor complicated. Finally, I note petitioner filled in certain portions of the form related to general workplace grievances, but left blank those portions which specifically address discrimination. Notwithstanding our general liberality in reviewing *pro se* pleadings, I conclude petitioner failed to properly allege racial discrimination in this case. Accordingly, I would hold the trial court erred by concluding the SPC had subject matter jurisdiction over petitioner's racial discrimination claims.