THOMAS BOBBITT, Petitioner v. NORTH CAROLINA STATE UNIVERSITY, Respondent

No. COA05-1548

(Filed 17 October 2006)

**1. Appeal and Error— appellate rules violations—omissions not so egregious to invoke dismissal**

Respondent university's motion to dismiss petitioner state employee's appeal from the denial of his claim for termination from employment without just cause due to discrimination, based on a failure to comply with N.C. R. App. P. 10(c), is denied because: (1) petitioner's brief contains appropriate record references for each of his arguments; and (2) although defendant did not technically follow the rules by failing to list specific page numbers where exceptions can be found in the record and did not set out these exceptions in the brief, these omissions are not so egregious as to invoke dismissal.

**2. Public Officers and Employees— career state employee— termination from employment without just cause due to discrimination—exhausting internal grievance procedure not required—waiver**

A de novo review revealed that the trial court's order affirming the State Personnel Commission's holding that it did not have jurisdiction to hear petitioner career state employee's claim for termination from employment by respondent university without just cause due to discrimination is reversed, and the case is remanded to the Commission to decide the merits of petitioner's claim, because: (1) petitioner's allegations allow him to appeal directly to the Commission under N.C.G.S. § 126-36(a) without exhausting respondent's internal grievance procedure since he sufficiently asserted his dismissal was based upon age or race discrimination; (2) the petition properly invoked jurisdiction before the Office of Administrative Hearings and the Commission on alleged race and age discrimination despite the fact that his counsel proceeded and prevailed before the ALJ on a just cause argument at the hearing; and (3) respondent's failure to move to dismiss on jurisdictional grounds, once petitioner announced he was proceeding only on just cause, waived any required exhaustion of internal grievance procedures.

Judge WYNN concurring in the result.

Appeal by petitioner from order entered 1 August 2005 by Judge J.B. Allen in Wake County Superior Court. Heard in the Court of Appeals 12 September 2006.

*Barry Nakell, for petitioner-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Q. Shanté Martin, for respondent-appellee.*

TYSON, Judge.

Thomas Bobbitt ("petitioner") appeals from order entered affirming the decision of the State Personnel Commission (the "Commission") to dismiss for lack of jurisdiction his petition for termination from employment without just cause due to discrimination. We reverse and remand.

**BOBBITT v. N.C. STATE UNIV.**

[179 N.C. App. 743 (2006)]

## I. Background

Petitioner was employed by North Carolina State University ("respondent") for more than fifteen years. Petitioner's employment was terminated on 21 November 2001. Prior to termination, petitioner was employed as a floor maintenance assistant at Reynolds Coliseum, an indoor athletic facility located on respondent's campus.

On 5 November 2001, petitioner reported to work at 4:54 p.m. and performed routine services in preparation for a basketball game scheduled that evening. During the game, petitioner was stationed at the south end goal and was instructed to sweep the floor and keep it free from debris. Petitioner took a restroom break at approximately 8:30 p.m. during the game's half-time intermission.

Petitioner testified the restroom was crowded. Petitioner relieved himself into the urinal, washed his hands, and returned to his duty station. Petitioner did not take another restroom break until approximately 1:30 a.m. Petitioner testified he used the toilet and he was alone in the restroom at the time.

On 5 November 2001, employees of LPSC Cleaning Services arrived at Reynolds Coliseum to perform its contract cleaning services after the basketball game ended. One member of the cleaning crew, Jerry Williams, reported to Larry Bell of LPSC Cleaning Services that he had observed petitioner urinating on the floor in the men's restroom. On 6 November 2001, Larry Bell reported this allegation to William Boweles, Coliseum Supervisor and Maintenance Coordinator. William Boweles reported the matter to his supervisor, Barry Joyce, petitioner's supervisor and Director of Indoor Athletic Facilities. An investigation into Jerry Williams's allegations commenced. Petitioner repeatedly denied he urinated on the bathroom floor.

By letter dated 21 November 2001, Barry Joyce dismissed petitioner from employment effective 23 November 2001 for "improper personal conduct." The letter stated:

In accordance with the [U]niversity's Grievance Procedure, you have 15 work days from receipt of this letter to appeal your dismissal to the Division of Human Resources. If alleging discrimination, you may choose not to utilize the university's grievance procedure and appeal directly to the State Personnel Commission within 30 calendar days from receipt of this letter.

Six days later on 27 November 2001, petitioner filed a Petition for a Contested Case Hearing in the Office of Administrative Hearings ("OAH"). Petitioner's petition asserted "discharge without just cause" and that his discharge was based on age and race discrimination. On 16 April 2002, the administrative law judge ("ALJ") granted respondent's motion for summary judgment on certain claims, but denied respondent's motion regarding petitioner's claims for an allegedly excessive workload based on alleged racial discrimination and/or related retaliation.

Petitioner's petition was heard in the OAH on 28 August 2002. Petitioner's counsel gave an opening statement in which he summarized the two issues in this case as termination without just cause and workplace harassment. Respondent's counsel stated during opening statements that those are "the two basic issues in this case." Later during the hearing, petitioner's counsel announced petitioner would be proceeding on the issue of termination without just cause. Respondent did not move to dismiss petitioner's remaining discrimination claims for abandonment or lack of jurisdiction at any time during the hearing before the ALJ.

The ALJ in his recommended decision found and concluded, "[t]he evidence in the case and at the hearing leads to no other conclusion but that it is more likely than not that the [petitioner] did not commit the offense." The ALJ issued a recommended decision to the Commission to overturn petitioner's dismissal from and re-instate his state employment. The ALJ ruled Barry Joyce, petitioner's supervisor, incorrectly shifted the burden of proof to petitioner when he stated that he had no reason not to believe Jerry Williams's allegations. In his recommended decision, the ALJ also concluded, "[t]he [OAH] has jurisdiction over the parties and over [petitioner's] 'just cause' claim."

The Commission took no additional evidence, declined to adopt the ALJ's findings of fact and conclusions of law, and addressed only whether it had jurisdiction over petitioner's just cause claim. The Commission ordered petitioner's petition be dismissed for lack of jurisdiction. The Commission explained its decision as follows:

[N]either OAH nor the State Personnel Commission has any claim before it other than [petitioner's] just cause claim.

Nothing in the Decision of the Temporary Administrative Law Judge shows that he considered the issue of whether the Office of Administrative Hearings has subject matter jurisdiction over

a just cause claim which has not been exhausted internally through agency procedures. Because subject matter jurisdiction is non-waivable, and cannot be conferred by stipulation or consent of the parties, the Commission has had to consider this threshold issue.

The Commission stated that because petitioner had not exhausted available administrative remedies through respondent's internal grievance procedure, his petition did not invoke the jurisdiction of either the OAH or the Commission.

Petitioner filed a Petition for Judicial Review in the Wake County Superior Court, which affirmed the decision and order of the Commission. Petitioner appeals.

## II.  Respondent's Motion to Dismiss

**[1]** Respondent filed a motion to dismiss petitioner's appeal with this Court. Respondent argues petitioner's appeal should be dismissed due to petitioner's failure to comply with Rule 10(c) of the North Carolina Rules of Appellate Procedure. Rule 10(c) states in part, "[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references." N.C.R. App. P. 10(c)(1) (2006).

Petitioner's brief contains appropriate record references for each of his arguments. Those record references refer to the order appealed from.

In *Symons Corp. v. Insurance Co. of North America*, we held, "[a]lthough defendant in this case did not technically follow the rules by failing to list specific page numbers where exceptions could be found in the record and did not set out these exceptions in the brief, we do not find these omissions so egregious as to invoke dismissal." 94 N.C. App. 541, 543, 380 S.E.2d 550, 552 (1989). In *Adams v. Kelly Springfield Tire Co.*, this Court also declined to dismiss an appeal for an identical rule violation. 123 N.C. App. 681, 682, 474 S.E.2d 793, 794 (1996). Respondent's motion to dismiss petitioner's appeal is denied.

## III.  Issues

Petitioner argues he: (1) properly filed his petition asserting respondent terminated his employment without just cause directly to the OAH and the Commission pursuant to N.C. Gen. Stat.. § 125-36(a) and (2) is estopped from raising lack of subject matter jurisdiction.

BOBBITT v. N.C. STATE UNIV.

[179 N.C. App. 743 (2006)]

## A. Standard of Review

"Since we are reviewing a 'review proceeding' in the superior court and petitioners are appealing pursuant to N.C. Gen. Stat. § 7A-27, we will apply N.C. Gen. Stat. § 150B-52." *Lincoln v. N.C. Dep't of Health & Human Servs.*, 172 N.C. App. 567, 569, 616 S.E.2d 622, 624 (2005). N.C. Gen. Stat. § 150B-52 (2005) states:

> A party to a review proceeding in a superior court may appeal to the appellate division from the final judgment of the superior court as provided in G.S. 7A-27. The scope of review to be applied by the appellate court under this section is the same as it is for other civil cases.

This Court has clearly stated the standard of review applicable to appeals of administrative claims from the superior court.

> The proper standard of review by the trial court depends upon the particular issues presented by the appeal. If appellant argues the agency's decision was based on an error of law, then de novo review is required. If appellant questions whether the agency's decision was supported by the evidence or whether it was arbitrary or capricious, then the reviewing court must apply the whole record test.

> The reviewing court must determine whether the evidence is substantial to justify the agency's decision. A reviewing court may not substitute its judgment for the agency's, even if a different conclusion may result under a whole record review.

> As to appellate review of a superior court order regarding an agency decision, the appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly. As distinguished from the any competent evidence test and a de novo review, the whole record test gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence.

*Carillon Assisted Living, LLC v. N.C. Dep't of Health & Human Servs.*, 175 N.C. App. 265, 270, 623 S.E.2d 629, 633 (internal citations and quotations omitted), *disc. rev. denied*, 360 N.C. 531, 633 S.E.2d 675 (2006).

Here, the issues under review concern jurisdiction and the trial court's conclusion to affirm the Commission's ruling that it lacked jurisdiction over petitioner's claim. "A trial court's conclusions of law . . . are reviewable *de novo*." *Lincoln*, 172 N.C. App. at 570, 616 S.E.2d at 624. Whether jurisdiction was properly invoked is a question of law. *In re J.B.*, 164 N.C. App. 394, 398, 595 S.E.2d 794, 797 (2004).

## B. Subject Matter Jurisdiction

**[2]** Petitioner argues he correctly filed his petition directly with the OAH because he alleged termination from employment without just cause due to discrimination. Petitioner argues his allegations allow him to appeal directly to the Commission, pursuant to N.C. Gen. Stat. § 126-36(a) without exhausting respondent's internal grievance procedure. We agree.

The allegations are determined from the face of the petition for a contested case hearing. *See, e.g., Lee v. N.C. Dep't of Transp.*, 175 N.C. App. 698, 701-02, 625 S.E.2d 567, 570, (2006). The allegations of jurisdiction must be liberally construed. *Winbush v. Winston-Salem State Univ.*, 165 N.C. App. 520, 522-23, 598 S.E.2d 619, 621-22 (2004) (petition alleging that the employee was "relieved of [his] athletic duties and privileges" was sufficient to allege demotion and invoke jurisdiction of the OAH and the Commission).

## C. Career State Employee

A career state employee is defined as "a [s]tate employee who is in a permanent position," and who "has been continuously employed by the State of North Carolina in a position subject to the State Personnel Act for the immediate 24 preceding months." N.C. Gen. Stat. § 126-1.1 (2005). Neither party contests the ALJ's conclusion that petitioner was a career state employee. Our *de novo* review "is limited to questions so presented in the several briefs." N.C.R. App. P. 28(a) (2006).

A career state employee who has a grievance arising out of or due to their employment and "who does not allege unlawful harassment or discrimination" must "first discuss the problem or grievance with the employee's supervisor and follow the grievance procedure established by the employee's department or agency." N.C. Gen. Stat. § 126-34 (2005).

The employee may seek review directly to the Commission "if he is not satisfied with the final decision of the head of the department,

or if he is unable, within a reasonable period of time, to obtain a final decision by the head of the department." N.C. Gen. Stat. § 126-35(a) (2005).

A state employee "who has reason to believe" that his dismissal based upon age or race discrimination may appeal directly to the Commission. N.C. Gen. Stat. § 126-36(a) (2005).

Our Supreme Court has stated that the petitioners who allege discrimination need not exhaust internal grievances.

> [E]mployees whose grievances arise out of their employment, *other than those who allege discrimination,* must have complied with N.C.G.S. § 126-34, which requires all permanent state employees having such a grievance arising out of or due to their employment first to discuss their problem or grievance with their supervisor, then to follow the grievance procedure established by their department or agency.

*Batten v. N.C. Dept. of Correction,* 326 N.C. 338, 343, 389 S.E.2d 35, 38-39 (1990) (emphasis supplied), *overruled in part on other grounds by, Empire Power Co. v. N.C. Dept. of E.H.N.R.,* 337 N.C. 569, 574-75, 447 S.E.2d 768, 772 (1994); *see North Carolina Department of Correction v. Earl Gibson,* 308 N.C. 131, 301 S.E.2d 78 (1983). "A State employee is provided with the statutory right to appeal certain claims directly to the SPC . . . without first . . . exhausting his employer's internal grievance procedures . . . an employee may appeal a claim of discrimination directly to the SPC." *Lee,* 175 N.C. App. at 701, 625 S.E.2d at 570.

Respondent argues that, "[t]his Court's holding in *Nailing* is directly on point . . . the case law [is] indisputable." Respondent quotes the following language from *Nailing v. UNC-CH.*:

> In the present case, it is undisputed that petitioner did not follow Defendant's grievance procedure regarding the appeal from her dismissal. Pursuant to N.C. Gen. Stat. §§ 126-37(a), -34, the OAH would not, therefore, have subject matter jurisdiction over petitioner's appeal from her dismissal under N.C. Gen. Stat. § 126-35 for lack of "just cause."

117 N.C. App. 318, 326, 451 S.E.2d 351, 356 (1994), *disc. rev. denied,* 339 N.C. 614, 454 S.E.2d 255 (1995). Respondent's cited quote from *Nailing* excludes relevant and controlling language. The full quote reads:

In the present case, it is undisputed that petitioner did not follow [Respondent's] grievance procedure regarding the appeal from her dismissal. Pursuant to N.C. Gen. Stat. §§ 126-37(a), -34, the OAH would not, therefore, have subject matter jurisdiction over petitioner's appeal from her dismissal under N.C. Gen. Stat. § 126-35 for lack of "just cause" *that does not allege discrimination.*

*Id.* (emphasis supplied). In *Nailing,* the claim was "a series of disciplinary warnings . . . were unjust and retaliatory." *Id.* The petitioner did not allege her just cause discharge claim resulted from discrimination.

Here, petitioner's petition for a contested case hearing asserts his termination was based upon "discharge without just cause." The petition states, "[t]he following occurred due to discrimination and/or retaliation for opposition to alleged discrimination." Petitioner checked the lines indicating he was denied "employment" and "promotion." Petitioner checked the line indicating "termination" was forced upon him. Petitioner also checked the line next to the word "other," and wrote "due to a lie by an outside contractor." Petitioner also alleged race and age discrimination by checking the appropriate lines labeled "race" and "age."

Petitioner argues he has "reason to believe" his termination was based on race and age discrimination and properly filed his claim directly before the Commission. Reviewed in the light most favorable to petitioner, and taking petitioner's allegations in his petition as true, petitioner's allegations sufficiently assert discrimination to allow him to petition directly to the Commission without first exhausting internal grievances.

Petitioner's petition properly invoked jurisdiction before the OAH and the Commission on alleged race and age discrimination despite the fact that his counsel proceeded and prevailed before the ALJ on a just cause argument at the hearing. *See Campbell v. N.C. Dep't of Transp.,* 155 N.C. App. 652, 660, 575 S.E.2d 54, 60 ("Jurisdiction rests on the allegations of the petitioner."), *disc. rev. denied,* 357 N.C. 62, 579 S.E.2d 386 (2003).

N.C. Gen. Stat. § 126-36 allows direct appeal to the Commission so long as the petitioner has a "reason to believe" his termination was based on race or age discrimination. A review of N.C. Gen. Stat. § 126 and the petitioner's petition reveals no other requirements. Petitioner's claims in contested case no. 2196 were largely dismissed

after respondent moved for and was granted summary judgment on 16 April 2002. However, petitioner's allegations under contested case no. 2197, the petition on which termination without just cause due to discrimination was asserted, were not dismissed.

Petitioner's counsel gave an opening statement to the ALJ summarizing the two issues in this case as termination without just cause and workplace harassment. Respondent's counsel before the ALJ acknowledged those to be the "two basic issues in this case." In respondent's opening statement, defense counsel advised the ALJ, "I do invite the Court to keep the issue narrow, and *we also have a stipulation that because we've converted this morning to a just cause, that my witnesses can be heard first.*" (Emphasis supplied). After respondent's evidence, petitioner's counsel announced, "[w]e will proceed only on the issue of just cause." Respondent's failure to move to dismiss on jurisdictional grounds, once petitioner announced he was proceeding only on just cause, waived any required exhaustion of internal grievance procedures. The hearing proceeded before the ALJ, and to his recommended decision, without any objection.

We hold that the Commission had jurisdiction to review petitioner's just cause petition, and are unable to determine from the record the basis for petitioner's "reason to believe" his termination was based upon race or age discrimination. We reverse and remand to the Superior Court for further remand to the Commission for the Commission to decide the merits of petitioner's claim of no just cause for his dismissal. If the Commission finds just cause to support petitioner's termination, then it must proceed with a hearing and determine whether petitioner has "reason to believe" his termination was based upon discrimination.

### IV. Conclusion

The issue before us is extremely narrow. Petitioner's petition on its face asserts a contested case for termination without just cause based upon age and race discrimination. Respondent's earlier motion for summary judgment was denied on petitioner's discrimination claims. Respondent did not contest jurisdiction or move to dismiss, and stipulated to, petitioner's just cause claims during the hearing before the ALJ. Petitioner satisfied the requirements of N.C. Gen. Stat. § 126-36(a) by alleging discrimination in his petition and directly invoked the Commission's jurisdiction. Respondent waived any requirement that petitioner first exhaust respondent's internal grievance procedures.

The Superior Court's order affirming the Commission's holding that it did not have jurisdiction to hear petitioner's claim is reversed. This case is remanded to the Superior Court for further remand to the Commission for further proceedings consistent with this opinion. In light of our decision, it is unnecessary to consider petitioner's second issue regarding estoppel.

Reversed and Remanded.

Judge HUDSON concurs.

Judge WYNN concurs in the result only by separate opinion.

WYNN, Judge, concurring in the result.

I concur only in that part of the majority's holding that "Defendant's failure to move to dismiss on jurisdictional grounds, once plaintiff announced he was proceeding only on just cause, waived any required exhaustion of internal grievance procedures." I further agree that the Commission erred by determining it did not have jurisdiction to review Plaintiff's "just cause" petition. Accordingly, I would remand for the Commission to decide only the merits of Plaintiff's just cause petition.