ALMA CHINITA TROTTER, PETITIONER v. NC DEPARTMENT OF HEALTH & HUMAN SERVICES, PUBLIC HEALTH DEPT., RESPONDENT

No. COA07-1035

(Filed 15 April 2008)

**1. Administrative Law— judicial review of final agency decision—standard of review—de novo—whole record test**

The superior court did not err in an employment age discrimination case by applying both a de novo review and the whole record test when it substituted new findings of fact for those found in the State Personnel Commission decision because: (1) petitioner's first allegation was addressed by N.C.G.S. § 150B-51(b)(4) and was characterized as a law-based inquiry requiring de novo review by the superior court; and (2) petitioner's second and third allegations were subject to N.C.G.S. § 150B-51(b)(5) and (6) respectively, requiring review under the whole record test as fact-based inquiries.

**2. Administrative Law— age discrimination—judicial review of final agency decision—de novo standard of review—conclusions of law**

The superior court did not err in an employment age discrimination case by concluding the State Personnel Commission (SPC) erred in its conclusions of law because the superior court acted within its statutory authority to review the issue of the petition to the SPC de novo as a law-based inquiry.

**3. Administrative Law— age discrimination—judicial review of final agency decision—whole record review—substantial evidence determination**

The superior court erred in an employment age discrimination case by determining that the State Personnel Commission's (SPC) decision was unsupported by substantial evidence in the record when it reviewed petitioner's second and third assign-

ments of error because: (1) the whole record test required the superior court to analyze all the evidence in the record in order to determine whether there was substantial evidence to justify the SPC decision, and if so, the court could not substitute its judgment or engage in new fact finding as it sat as an appellate court; and (2) the superior court improperly found facts and substituted its judgment for the SPC's decision as between two conflicting views.

Judge GEER concurring in result only.

Appeal by respondent from judgment entered 2 May 2007 by Judge Abraham Penn Jones in Orange County Superior Court. Heard in the Court of Appeals 21 February 2008.

*Alan McSurely, for petitioner-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Kathryn J. Thomas, for respondent-appellant.*

TYSON, Judge.

The Public Health Department of the North Carolina Department of Health and Human Services ("DHHS") appeals from order entered by the superior court, which reversed the decision of the State Personnel Commission ("SPC"). We reverse and remand.

## I. Background

In the Spring of 2005, sixty-two-year-old Dr. Alma Chinita Trotter ("Dr. Trotter") applied for a full-time Educational Diagnostician II position opening posted by DHHS ("the position"). The position was to be located in the Raleigh office for the Child Developmental Services Agency ("CDSA"), a subdivision of DHHS.

The application and review process is described in the record. Applications received by DHHS are sent to the Human Resources office where a personnel technician enters the applicant's name and other information into the Applicant Tracking System ("ATS"). The technician forwards the applications and an applicant log that contains Equal Employment Opportunity ("EEO") information to a recruitment coordinator.

The recruitment coordinator reviews the applications, screens the applicants for "minimum qualifications" based on the "Training and Experience" requirements listed in the posting, and indicates

whether the applicant is qualified on the applicant log. The applications and the applicant log are returned to the personnel technician. The technician enters the new information into the ATS and generates an Applicant Selection Log. The Applicant Selection Log lists qualified applicants without disclosing their EEO information. The Applicant Selection Log is sent to the hiring manager.

Hiring manager Timothy C. Pritchard ("Pritchard") received the Applicant Selection Log from the personnel technician, which listed Dr. Trotter and seven other applicants as qualified by the human resources staff. Pritchard interviewed two internal applicants listed on the Applicant Selection Log that he also determined to be qualified. Pritchard recommended thirty-seven-year-old internal applicant Evangeline Seay ("Seay") for the position in the Raleigh CDSA office.

Pritchard indicated that he believed Dr. Trotter had "sufficient experience but less than the selected candidate." On 27 June 2005, the DHHS recruitment staff sent a rejection letter to Dr. Trotter regarding the position. Dr. Trotter contacted Pritchard to discern why she did not receive an interview. Pritchard told Dr. Trotter that a candidate currently working for DHHS possessed the qualifications and was a better fit for the position.

On 26 July 2005, Dr. Trotter filed a petition for a contested case hearing pursuant to N.C. Gen. Stat. § 126 and alleged she had been discriminated against based on race, sex, and age. On 1 June 2006, the Administrative Law Judge ("ALJ") filed its decision, which concluded DHHS did not discriminate against Dr. Trotter. In an opinion and award filed on 14 September 2006, the SPC adopted the ALJ's decision and findings of fact. On 14 October 2006, Dr. Trotter appealed to the superior court pursuant to N.C. Gen. Stat. § 150B-45.

On 2 May 2007, the superior court reversed the SPC decision and remanded the case "with instructions to retroactively instate and award retroactive back pay for Dr. Trotter in the position she was discriminatorily denied as of the date [D]HHS denied her [an] opportunity for an interview." The court also: (1) ordered DHHS to apologize for its "disrespect . . . showed to [Dr. Trotter;]" (2) awarded Dr. Trotter "her reasonable lawyers fees and costs[;]" and (3) ordered extra training in the non-discriminatory treatment of applicants for DHHS's management by the Office of State Personnel. DHHS appeals.

## II. Issues

DHHS argues the superior court erred when it: (1) applied multiple standards of review when it substituted new findings of fact for those in the SPC final decision; (2) determined the SPC final decision was unsupported by substantial evidence and was arbitrary and capricious; (3) concluded that the SPC erred in its conclusions of law that DHHS had discriminated against Dr. Trotter based on age; and (4) ordered DHHS to issue an apology to Dr. Trotter and to provide extra training for DHHS management.

## III. Standard of Review

"[When] we . . . review[] a 'review proceeding' in the superior court and petitioners are appealing pursuant to N.C. Gen. Stat. § 7A-27, we . . . apply N.C. Gen. Stat. § 150B-52 . . . ." *Lincoln v. N.C. Dep't of Health & Human Servs.*, 172 N.C. App. 567, 569, 616 S.E.2d 622, 624 (2005). N.C. Gen. Stat. § 150B-52 (2005) states:

A party to a review proceeding in a superior court may appeal to the appellate division from the final judgment of the superior court as provided in G.S. 7A-27. The scope of review to be applied by the appellate court under this section is the same as it is for other civil cases.

"[T]he appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Carillon Assisted Living, LLC v. N.C. Dep't of Health & Human Servs.*, 175 N.C. App. 265, 270, 623 S.E.2d 629, 633 (internal quotation omitted), *disc. rev. denied*, 360 N.C. 531, 633 S.E.2d 675 (2006).

## IV. Superior Court's Standard of Review

[1] DHHS argues the superior court erred when it applied both a *de novo* review and the whole-record test when it substituted new findings of fact for those found in the SPC decision.

"The proper standard of review by the trial court depends upon the particular issues presented by the appeal." *Bobbitt v. N.C. State Univ.*, 179 N.C. App. 743, 748, 635 S.E.2d 463, 467 (2006). Our Supreme Court has held that "the substantive nature of each assignment of error dictates the standard of review" during appellate review of an administrative agency's final decision. *N.C. Dept. of Env't &*

*Natural Res. v. Carroll*, 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004) (internal citations omitted).

N.C. Gen. Stat. § 150B-51(b) (2007) states:

[I]n reviewing a final decision, the [superior] court may affirm the decision of the agency or remand the case to the agency or to the administrative law judge for further proceedings. It may also reverse or modify the agency's decision, or adopt the administrative law judge's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

"Subparts (1) through (4) of N.C. Gen. Stat. § 150B-51(b) are characterized as 'law-based' inquiries. Reviewing courts consider such questions of law under a *de novo* standard." *Gordon v. N.C. Dep't of Corr.*, 173 N.C. App. 22, 31, 618 S.E.2d 280, 287 (2005) (internal citations omitted). Subparts (5) and (6) "are 'fact-based' inquiries." *Id.* at 34, 618 S.E.2d at 289. "Fact-intensive issues 'such as sufficiency of the evidence to support an agency's decision are reviewed under the whole-record test.' " *Id.*

On appeal to the superior court, Dr. Trotter assigned error to the SPC final decision: "(1) The SPC made an error of law in its statement of the issue; (2) The SPC's finding of no age discrimination was 'unsupported by substantial evidence in view of the entire record[;]' and (3) The SPC's finding of no age discrimination was arbitrary and capricious."

Dr. Trotter's first allegation is addressed by § 150B-51(b)(4) and is characterized as a "law-based" inquiry requiring *de novo* review by the superior court. *Id.* at 31, 618 S.E.2d at 287. Dr. Trotter's second

and third allegations are subject to N.C. Gen. Stat. § 150B-51(b)(5) and (6) respectively, and require review under the whole-record test as "fact-based" inquiries. *Id.* at 34, 618 S.E.2d at 289. Both *de novo* review and the whole-record test were appropriate for the issues presented on appeal to the superior court. The superior court appropriately used a *de novo* review and the whole-record test in its review to the respective assignments of error alleged in the SPC final decision. This assignment of error is overruled.

### V. *De Novo* Review

[2] DHHS argues that the superior court erred when it concluded that the SPC erred in its conclusions of law. We disagree.

*De novo* review allows the superior court or this Court to consider the matter anew and to freely substitute its own judgment in place of the agency's. *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (internal citations omitted). Dr. Trotter's first exception was a law-based inquiry allowing *de novo* review. *Gordon*, 173 N.C. App. at 31, 618 S.E.2d at 287.

This Court has stated:

An employee can establish a *prima facie* case of age discrimination when the employee shows that (1) the employee is a member of the protected class, or over forty years old; (2) the employee applied or sought to apply for an open position with the employer; (3) the employee was qualified for the position; and (4) the employee was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. An inference of unlawful discrimination arises when an employee is replaced by a substantially younger worker.

*N.C. Dep't of Crime Control & Pub. Safety v. Greene*, 172 N.C. App. 530, 538, 616 S.E.2d 594, 600-01 (2005) (internal citation and quotation omitted).

Reviewing the case anew, the superior court applied the *Greene* elements when it concluded that Dr. Trotter had met her burden of establishing a *prima facie* case. *Id.* The superior court stated:

Dr Trotter's prima facie case here is a strong one. It is uncontroverted she applied for a vacant position. Furthermore the uncontroverted evidence clearly demonstrates that Dr. Trotter, unlike some discrimination claimants, was extremely well qualified for

the position she sought. It is also beyond question that Dr. Trotter satisfied the third and fourth elements of her prima facie burden, namely that, despite her qualifications, Mr. Prichard rejected her application and then quickly filled the position by hiring a substantially younger, less-qualified applicant.

The superior court acted within its statutory authority to review the issue of the petition to the SPC *de novo* as a law-based inquiry. N.C. Gen. Stat. § 150B-51(b)(4) (2007); *Gordon*, 173 N.C. App. at 31, 618 S.E.2d at 287. The superior court properly exercised its appropriate *de novo* scope of review. *Id.*; *Carillon Assisted Living*, 175 N.C. App. at 270, 623 S.E.2d at 633. This assignment of error is overruled.

## VI.  Whole Record Test

[3] DHHS argues that the superior court erred in its determination that the SPC decision was unsupported by substantial evidence in the record. We agree.

Dr. Trotter's second and third assignments of error qualified as fact-based inquiries under N.C. Gen. Stat. § 150B-51(b)(5) and (6). The superior court was required to apply the whole-record test. *Gordon*, 173 N.C. App. at 34, 618 S.E.2d at 289. "A court applying the whole record test *may not substitute its judgment* for the agency's as between two conflicting views, even though it could reasonably have reached a different result had it reviewed the matter *de novo*." *Watkins v. N.C. State Bd. of Dental Exam'rs*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004) (internal citations omitted) (emphasis supplied). Instead, the superior court "must examine all the record evidence—that which detracts from the agency's findings and conclusions as well as that which tends to support them—to determine whether there is substantial evidence to justify the agency's decision." *Id.* (internal citations omitted). " 'Substantial evidence' means relevant evidence a reasonable mind might accept as adequate to support a conclusion." N.C. Gen. Stat. § 150B-2(8b) (2005).

The superior court reviewed the record of Dr. Trotter's petition, considered the application and hiring process, the applications of Dr. Trotter and Seay, and Pritchard's justifications for failing to extend an interview to Dr. Trotter. The superior court determined that no substantial evidence existed to justify the SPC's final decision which stated "[Pritchard] offered different justifications at different times for his failure to interview Dr. Trotter." The superior court

found "[t]he SPC's finding of no age discrimination . . . 'unsupported by substantial evidence in view of the entire record' and . . . arbitrary and capricious."

The whole record test required the superior court to analyze all the evidence in the record in order "to determine whether there [was] substantial evidence to justify the [SPC] decision." *Carroll*, 358 N.C. at 660, 599 S.E.2d at 895. If so, the superior court could not substitute its judgment or engage in new fact finding, as it sat as an appellate court. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11, 387 S.E.2d 655, 662, *cert. denied*, 496 U.S. 931, 110 L. Ed. 2d 651 (1990).

The superior court appropriately used the whole-record test in its review of Dr. Trotter's second and third assignments of error. In determining a lack of substantial evidence to justify the SPC final decision, the superior court improperly found facts and substituted its judgment for the SPC's decision as between two conflicting views. *Watkins*, 358 N.C. at 199, 593 S.E.2d at 769. In doing so, the superior court erred and its order is reversed. In light of our holding, it is unnecessary to review DHHS's remaining assignments of error.

## VII. Conclusion

The superior court appropriately used both a *de novo* review and the whole-record test to the respective issues on appeal when it reviewed the final decision of the SPC. The superior court erred when it improperly substituted its judgment for that of the SPC under the whole-record test. The superior court's order, which reversed the SPC final decision due to a lack of substantial evidence to support the agency's order, is reversed. This case is remanded to the superior court with instructions to enter an order to affirm the SPC's final agency decision.

Reversed and remanded.

Judge STROUD concurs.

Judge GEER concurs in the result only by separate opinion.

GEER, Judge, concurring in the result only.

While the trial court *stated* the correct standard of review in its decision below, I cannot agree with the majority opinion that it properly *applied* that standard of review. Nor can I fully agree that the

trial court properly concluded that the State Personnel Commission erred in its conclusions of law. As a result, I concur in the result only.

Dr. Trotter filed a petition for a contested case pursuant to the State Personnel Act, N.C. Gen. Stat. § 126-1 *et seq.* (2007), initially asserting that she was denied employment "without justifiable cause." She subsequently filed an amended petition, alleging race, sex, and age discrimination when she was denied an interview. The administrative law judge, Sammie Chess, Jr., concluded that Dr. Trotter was not subjected to unlawful discrimination, and the State Personnel Commission adopted that decision.

In her petition for judicial review, Dr. Trotter contended: (1) the Commission erred in its statement of the issue by focusing on a denial of employment rather than the denial of an interview; (2) the Commission's determination that Dr. Trotter was not discriminated against based on her age was not supported by substantial evidence in view of the whole record; and (3) the finding of no age discrimination was arbitrary and capricious.

The majority opinion does not address the trial court's discussion of the first issue: the correct articulation of the issue before the Commission. The trial court concluded that the Commission's decision was "infected by an error in applying discrimination law, mainly not examining the ultimate decision here—to deny Dr. Trotter an interview." While I agree that this issue is properly a question of law, subject to de novo review, the trial court's conclusion cannot be reconciled with the State Personnel Act.

N.C. Gen. Stat. § 126-34.1(b) (2007) provides:

An applicant for initial State employment may file in the Office of Administrative Hearings a contested case under Article 3 of Chapter 150B of the General Statutes based upon:

(1) Alleged denial of employment in violation of G.S. 126-16.

(2) Denial of the applicant's request for removal of allegedly inaccurate or misleading information from the personnel file as provided by G.S. 126-25.

(3) Denial of equal opportunity for employment and compensation on account of the employee's age, sex, race, color, national origin, religion, creed, political affiliation, or handicapping condition as defined by Chapter 168A of

the General Statutes. This subsection with respect to equal opportunity as to age shall be limited to persons who are at least 40 years of age. An applicant may not, however, file a contested case where political affiliation was the reason for the person's nonselection for (i) an exempt policymaking position as defined in G.S. 126-5(b)(3), (ii) a chief deputy or chief administrative assistant position under G.S. 126-5(c)(4), or (iii) a confidential assistant or confidential secretary position under G.S. 126-5(c)(2).

(4) Denial of the veteran's preference in initial State employment provided by Article 13 of this Chapter, for an eligible veteran as defined by G.S. 126-81.

(5) Denial of employment in violation of G.S. 126-14.2, where an initial determination found probable cause to believe that there has been a violation of G.S. 126-14.2.

Thus, under the statute, an applicant for state employment may bring a contested case for a denial of employment, but no provision authorizes a contested case for denial of an interview.

The Commission properly reviewed Dr. Trotter's case as asserting a claim for discrimination in employment since otherwise, Dr. Trotter asserted no claim at all. It was the trial court—and not the Commission—that addressed the wrong issue.

With respect to Dr. Trotter's contention that the evidence did not support the Commission's finding of no discrimination, we apply the analytical framework set out in *N.C. Dep't of Corr. v. Gibson*, 308 N.C. 131, 141, 301 S.E.2d 78, 85 (1983). In *Gibson*, our Supreme Court adopted the framework first established for federal employment discrimination actions in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). Our Supreme Court explained that the plaintiff carries an initial burden of establishing a *prima facie* case of discrimination. *Gibson*, 308 N.C. at 137, 301 S.E.2d at 82. The Court stressed that "[t]he burden of establishing a prima facie case of discrimination *is not onerous*." *Id.* (emphasis added). For example, in a termination case, "a prima facie case of discrimination may be made out by showing that (1) a claimant is a member of a minority group, (2) he was qualified for the position, (3) he was discharged, and (4) the employer replaced him with a person who was not a member of a minority group." *Id.*, 301 S.E.2d at 82-83.

TROTTER v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[189 N.C. App. 655 (2008)]

Once a plaintiff establishes a *prima facie* case, "a presumption arises that the employer unlawfully discriminated against the [plaintiff]." *Id.* at 138, 301 S.E.2d at 83. Nevertheless, "[t]he showing of a prima facie case is not equivalent to a finding of discrimination." *Id.* Instead, it only shifts the burden to the employer "of *producing* evidence to rebut the presumption of discrimination raised by the prima facie case." *Id.* The employer satisfies this burden "if [it] simply explains what [it] has done or produces evidence of legitimate nondiscriminatory reasons. The employer is not required to prove that its action was actually motivated by the proffered reasons . . . ." *Id.*

When the employer articulates a nondiscriminatory reason for its action, "the plaintiff is then given the opportunity to show that the employer's stated reasons are in fact a pretext for intentional discrimination." *Id.* at 139, 301 S.E.2d at 84. Our Supreme Court stressed, however, that "[t]he trier of fact is not at liberty to review the soundness or reasonableness of an employer's business judgment when it considers whether alleged disparate treatment is a pretext for discrimination." *Id.* at 140, 301 S.E.2d at 84. With respect to this prong of *McDonnell Douglas*, "an employee must prove '*both* that the reason was false, and that discrimination was the real reason.' " *N.C. Dep't of Crime Control & Pub. Safety v. Greene*, 172 N.C. App. 530, 540, 616 S.E.2d 594, 601 (2005) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 125 L. Ed. 2d 407, 422, 113 S. Ct. 2742, 2752 (1993)). As this Court explained: " 'It is not enough, in other words, to *dis*believe the employer; the factfinder must *believe* the [employee's] explanation of intentional discrimination.' " *Id.* (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 519, 125 L. Ed. 2d at 424, 113 S. Ct. at 2754).

With respect to the *prima facie* case required in an age discrimination proceeding brought under the State Personnel Act, this Court has set forth the following elements:

An employee can establish a *prima facie* case of age discrimination when the employee shows that (1) the employee is a member of the protected class, or over forty years old; (2) the employee applied or sought to apply for an open position with the employer; (3) the employee was qualified for the position; and (4) the employee was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *An inference of unlawful discrimination arises when an employee is replaced by a substantially younger worker.*

*Greene*, 172 N.C. App. at 538, 616 S.E.2d at 600-01 (emphasis added) (internal citations and quotation marks omitted).

I agree with the majority opinion and the trial court that the State Personnel Commission erred in concluding that Dr. Trotter had not met her burden of establishing this *prima facie* case. The Commission overlooked *Greene's* holding that the fourth element only requires a showing that a "substantially younger" applicant was hired. The evidence is undisputed that Dr. Trotter met the actual final element set forth in *Greene*.[1]

Like the majority opinion, I conclude that the trial court erred in reviewing the Commission's decision regarding the evidence at the pretext stage. Whether or not the reason articulated by the employer is a pretext for intentional discrimination is a question for the trier of fact. The Commission found: "Petitioner is extremely well qualified for the position. However, the evidence put forth by Petitioner falls short of demonstrating that Respondent's proffered reasons for its actions are false and a mere pretext for race, age and sex discrimination." This finding must be reviewed under the whole record test.

I do not agree with the majority opinion's conclusion that the trial court applied the correct standard of review. Although the trial court recited the whole record test, it proceeded to substitute the court's own evaluation of the evidence for that of the Commission. Rather than determining whether there was substantial evidence to support the Commission's finding, the trial court asserted that "there is ample evidence" that the reasons offered by Mr. Pritchard were false.[2]

---

1. Although the trial court properly concluded that Dr. Trotter established a *prima facie* case, I am concerned that its analysis, stating that it is "beyond question" that DHHS filled the position by hiring a "less-qualified" applicant, amounts to fact finding by the trial court. The elements of a *prima facie* case required only a determination that Dr. Trotter was qualified for the position. The trial court's gratuitous assertion that Dr. Trotter was indisputably more qualified than the younger employee improperly resolved an issue of fact.

2. Notably, the trial court pointed to the Commission's conclusion that Dr. Trotter was "extremely well qualified." The trial court then translated this finding as meaning that Dr. Trotter was "the highest qualified candidate for the position"—a translation contradicted by the remainder of the Commission's and ALJ's decision. The trial court was thus substituting its judgment that Dr. Trotter was "the strongest and highest qualified candidate" for the Commission's determination that Dr. Trotter was "extremely well qualified." The fact that someone is well qualified—even extremely well qualified—does not necessarily mean that they would be the best fit for the job, one of the criteria apparently applied by Mr. Pritchard. *See Enoch v. Alamance County Dep't of Soc. Servs.*, 164 N.C. App. 233, 246, 595 S.E.2d 744, 754 (2004) (rejecting argument that superior qualifications necessarily establish pretext for discriminatory motive). It was not the trial court's role to decide who should have been hired.

Our Supreme Court has, however, explained:

A court applying the whole record test may not substitute its judgment for the agency's as between two conflicting views, even though it could reasonably have reached a different result had it reviewed the matter *de novo*. Rather, a court must examine all the record evidence—that which detracts from the agency's findings and conclusions as well as that which tends to support them—to determine whether there is substantial evidence to justify the agency's decision.

*Watkins v. N.C. State Bd. of Dental Exam'rs*, 358 N.C. 190, 199, 593 S.E.2d 764, 769 (2004) (internal citation omitted). In turn, " '[s]ubstantial evidence' is defined as 'relevant evidence a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting N.C. Gen. Stat. § 150B-2(8b) (2003)).

Thus, it is immaterial whether "ample evidence" exists to support the trial court's view. The question is whether the record contains evidence that a reasonable mind could accept as adequate to support the Commission's findings. Here, the record contains evidence that would permit a reasonable mind to find that Mr. Pritchard's reasons were true. Mr. Pritchard explained in his testimony why he found Ms. Seay's education and experience more directly relevant to the vacant position and why he believed she would be a better fit for the job.

The trial court's and Dr. Trotter's arguments regarding the credibility of Mr. Pritchard's testimony were questions for the ALJ and the Commission to consider. The trial court was not free to revisit those credibility determinations. As this Court stated in *Greene*, 172 N.C. App. at 536, 616 S.E.2d at 599 (quoting *Little v. N.C. State Bd. of Dental Exam'rs*, 64 N.C. App. 67, 69, 306 S.E.2d 534, 536 (1983)): "On review of an agency's decision, a trial court 'is prohibited from replacing the Agency's findings of fact with its own judgment of how credible, or incredible, the testimony appears to [the trial court] to be, so long as substantial evidence of those findings exist in the whole record.' " *See also N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 674, 599 S.E.2d 888, 904 (2004) (holding that it is the agency's responsibility, and not the court's, to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and circumstantial evidence).

The trial court also disregarded the principle that even if the plaintiff presents evidence that the reasons offered were untrue, the

trier of fact is still not required to conclude that the reasons were a pretext *for intentional unlawful discrimination. See Miller v. Barber-Scotia College,* 167 N.C. App. 165, 168, 605 S.E.2d 474, 477 (2004) (" 'The ultimate question is whether the employer intentionally discriminated, and proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that [plaintiff's] proffered reason . . . is correct. It is not enough to disbelieve the defendants here; the fact-finder must believe [plaintiff's] explanation of intentional race discrimination.' " (quoting *Love-Lane v. Martin,* 355 F.3d 766, 788 (4th Cir.), *cert. denied,* 543 U.S. 813, 160 L. Ed. 2d 18, 125 S. Ct. 49 (2004))). In other words, a trier of fact could find that the reasons were untrue, but were a pretext for some motive other than the alleged discrimination.

Dr. Trotter makes little effort to argue that the actual motive was age discrimination apart from pointing to the age disparity. Indeed, her argument primarily suggests that Mr. Pritchard was implementing his desire to promote from within. Even assuming without deciding, that such a motivation was improper under state regulations, that motive is not age discrimination. I would, therefore, conclude that under the whole record test, the Commission's determination that Dr. Trotter was not denied employment as a result of her age is supported by substantial evidence. Since the Commission's finding of no discrimination is supported by substantial evidence, it is not arbitrary and capricious.

While Dr. Trotter may have presented sufficient evidence to permit a finding of discrimination, her evidence did not mandate such a finding. The trial court was not permitted to substitute its view of the evidence for the Commission's and should have upheld the Commission's decision.