CAPTAIN CHARLES W. McADAMS, Plaintiff v. NORTH CAROLINA DEPARTMENT of TRANSPORTATION, Defendant

No. COA11-102

(Filed 6 September 2011)

## 1. Administrative Law—racial harassment and retaliation—jurisdiction

The trial court did not err by remanding plaintiff's petition to the Office of Administrative Hearings for a hearing concerning alleged racial harassment and retaliation. Plaintiff sufficiently complied with the requirements of N.C.G.S. § 126-34 to vest the State Personnel Commission with jurisdiction over his complaint.

## 2. Public Officers and Employees—state employee—racial harassment and retaliation—adoption of alternative findings—written warning relevant to other claims

The trial court did not err in an action arising from alleged harassment or retaliation based on race by adopting the State Personnel Commission's alternative findings relative to a written warning. Another trial court's dismissal of one of plaintiff state employee's two claims did not necessarily preclude any consideration of the written warning to the extent that it was relevant to the other claim on the merits.

## 3. Public Officers and Employees—state employee—racial harassment and retaliation—alternative conclusions of law

The trial court did not err by upholding the State Personnel Commission's alternative conclusions of law numbers 2 and 3 because they constituted a determination that plaintiff state employee was subjected to retaliation on the basis of his race.

## 4. Public Officers and Employees—state employee—racial harassment and retaliation—legitimate non-retaliatory reason for discipline

The trial court did not err by determining that the Department of Transportation had failed to produce sufficient evidence of a legitimate non-retaliatory reason for the discipline of plaintiff state employee. Defendant's argument was a challenge to the State Personnel Commission's factual determinations, which were binding on the Court of Appeals.

McADAMS v. N.C. DEP'T OF TRANSP.

[215 N.C. App. 429 (2011)]

Appeal by defendant from orders entered on 1 August 2008 by Judge Cressie H. Thigpen, Jr., and on 31 August 2010 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 24 May 2011.

*Alan McSurely for Plaintiff-appellee.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Neil Dalton, for the Defendant-appellant.*

ERVIN, Judge.

Defendant North Carolina Department of Transportation appeals from orders reversing a determination by the State Personnel Commission to the effect that it lacked jurisdiction over Plaintiff's claim of harassment or retaliation based on race, adopting the Commission's alternative findings and conclusions to the effect that Plaintiff had been subject to retaliation on the basis of race, and ordering Defendant to take various steps intended to compensate Plaintiff for the salary and retirement benefits that he lost as a result of Defendant's conduct. On appeal, Defendant argues that the trial courts erred by concluding (1) that the Commission had jurisdiction over Plaintiff's claim and (2) that the Commission's alternative determination awarding relief to Plaintiff should be affirmed. After careful consideration of Defendant's challenges to the trial courts' orders in light of the record and the applicable law, we conclude that the trial courts' orders should be affirmed.

I. Factual Background

Plaintiff, an African-American male, was a career state employee as defined in N.C. Gen. Stat. § 126-1.1. In 2000, Plaintiff unsuccessfully applied for a vacant District Supervisor position. After failing to receive the requested promotion, Plaintiff initiated a contested case proceeding before the Office of Administrative Hearings in which he alleged that his failure to receive that promotion stemmed from impermissible racial discrimination. At the conclusion of the contested case proceeding, Administrative Law Judge James L. Conner determined that Defendant had, in fact, discriminated against Plaintiff by hiring a less-qualified white candidate for the District Supervisor position instead of offering the position to Plaintiff. As a result, Judge Conner recommended that Defendant be required to place Plaintiff in the District Supervisor's position for which he had originally applied and to provide him with all of the back pay,

increased compensation, and benefits to which he would have been entitled in the absence of Defendant's discriminatory conduct. According to prevailing North Carolina law, however, Judge Conner's recommended decision was subject to review by the Commission, which would make a final decision concerning the merits of Plaintiff's claim.

On 18 November 2002, a written warning alleging "unsatisfactory job performance" was placed in Plaintiff's personnel file. In addition, instead of placing Plaintiff into the District Supervisor position for which he had originally applied, Defendant placed Plaintiff into a vacant Catawba County position and then transferred that position to Forsyth County, effectively leaving the individual who had been hired in lieu of Plaintiff in the position for which Plaintiff should have been hired. As a result, Plaintiff initiated another contested case proceeding and obtained the issuance of a preliminary injunction requiring Defendant to place Plaintiff in the proper District Supervisor's position and prohibiting Defendant from taking any adverse employment action against him pending a hearing on his retaliation claim. More specifically, Defendant was ordered to put Plaintiff into the Forsyth County District Supervisor's position, to "take no action to adversely affect [Plaintiff's] employment pending appeal," and to "treat [Plaintiff] in good faith and with the same concern it shows for white senior officers." After the issuance of the preliminary injunction, Defendant placed Plaintiff into the proper position, paid the necessary back pay and other compensation, and took other actions consistent with Judge Conner's decision in the initial recommended decision, a series of events that led Plaintiff to voluntarily dismiss his original contested case proceeding. On 14 November 2003, Judge Conner made permanent the "executory provisions" of the preliminary injunction prohibiting Defendant from engaging in further acts of discrimination against Plaintiff. On 5 May 2004, the Commission upheld Judge Conner's decision.

On 27 July 2004, Plaintiff received a written warning citing him for "unacceptable personal conduct" based upon his decision to copy his attorney on an e-mail that he sent to his superiors. In that e-mail, Plaintiff complained about the manner in which he had been treated in connection with the disciplining of another employee, whose name he mentioned, allegedly in violation of the prohibition against the release of confidential personnel information set out in N.C. Gen. Stat. §§ 126-22 and 126-24.[1] On 3 August 2004, Plaintiff sent a memo-

---

1. The e-mail in question alleged that Defendant had acted improperly by having one of his subordinates bring an employee to a disciplinary meeting rather than having Plaintiff transport the employee to that meeting.

randum to the director of his department in which he requested that the written warning be removed from his personnel file on the grounds that the written warning contained statements that were "deceitful [and] which [would] cause harm to [his] character." Plaintiff's request was denied on 5 August 2004.

On 1 February 2005, Plaintiff renewed his request that Defendant remove the written warning from his file. According to Plaintiff, the warning was "inaccurate and misleading." At the time that he made this request, Plaintiff suggested that the Department's conduct with respect to the written warning violated the provisions of the earlier injunction that required Defendant to afford Plaintiff with the same respect shown to white senior officers.[2]

On 18 April 2005, Plaintiff initiated a contested case proceeding with the Office of Administrative Hearings in which he alleged that his personnel file contained inaccurate and misleading information and that he had been the victim of racially-based harassment or retaliation. According to Plaintiff, the 27 July 2004 warning constituted a violation of the injunction precluding Defendant from "tak[ing] [any] action [that] adversely affect[ed] [Plaintiff's] employment pending appeal" and requiring Defendant to "treat [Plaintiff] in good faith and with the same concern it shows for white senior officers." In his petition, Plaintiff noted that he had requested removal of the written warning on 1 February 2005, that more than sixty days had passed since the submission of his request without any response from Defendant, and that he was entitled to seek relief by initiating a contested case proceeding pursuant to N.C. Gen. Stat. § 126-36. On 2 November 2006, Administrative Law Judge Fred G. Morrison Jr., granted Defendant's motion to dismiss Plaintiff's petition on the grounds that Plaintiff had failed to file his petition for a contested case proceeding in a timely manner, failed to submit his complaint to the agency prior to initiating a contested case proceeding, and failed to allege sufficient facts to establish that he had been subjected to unlawful workplace harassment or retaliation.

On 6 December 2006, Plaintiff sought judicial review of Judge Morrison's decision pursuant to N.C. Gen. Stat. § 150B-43. On 1 August 2008, Judge Cressie H. Thigpen, Jr., entered an order addressing the issues raised in Plaintiff's petition for judicial review. First, Judge

---

2. Plaintiff retired from his position with Defendant effective 28 February 2005. However, as will be discussed in more detail later in this opinion, Plaintiff's claim was not rendered moot by his retirement.

Thigpen affirmed Judge Morrison's dismissal of Plaintiff's request for removal of the written warning that he had received on 27 July 2004 from his personnel file on the grounds that Plaintiff had failed to challenge the written warning in a timely fashion. As a result, Judge Thigpen did not address the substantive issue of whether the information contained in the written warning was, in fact, inaccurate or misleading.[3] Secondly, Judge Thigpen found, with respect to Plaintiff's claim of racial harassment, that:

8.  N.C. Gen. Stat. § 126-34 provides that any State employee having a grievance arising out of or due to the employee's employment who alleges unlawful harassment because of the employee's race shall submit a written complaint to the employee's department or agency. The department or agency shall thereafter have 60 days within which to take appropriate remedial action. If the employee is not satisfied with the department or agency's response to the complaint, the employee shall have the right to appeal directly to the State Personnel Commission.

9.  Petitioner's memorandum dated February 1, 2005, compared his treatment with treatment of senior white officers. This complaint, coupled with the prior history existing between Petitioner and Respondent, was sufficient to place Respondent on notice that Petitioner was complaining of either harassment or retaliation, or both, based on his race.

10.  The February 1, 2005 memorandum met the requirement of N.C. Gen. Stat. § 126-34 that Petitioner submit a written complaint to the employee's department or agency prior to appealing such matter.

11.  Respondent did not respond to Petitioner's February 1, 2005 memorandum.

12.  The matters complained of in Petitioner's February 1, 2005 memorandum and the facts alleged in Petitioner's Petition For a Contested Case Hearing with attachment were sufficient to withstand a[n N.C. Gen. Stat. § 1A-1, Rule] 12(b)(6) motion.

3. As a result of the fact that Plaintiff did not advance any further challenge to this aspect of Judge Thigpen's decision, the substantive issue of whether the written warning was "inaccurate and misleading" and should, for that reason, have been removed from Plaintiff's personnel file has been finally resolved and need not be addressed in this opinion.

Based upon these and other findings of fact, Judge Thigpen concluded as a matter of law that:

> Based on the foregoing, the Order of Dismissal [and] Final Decision regarding the Written Warning dated July 27, 2004 and Respondents responses dated July 29, 2004 and August 5, 2004 is Affirmed.
>
> IT IS FURTHER ORDERED that the Order of Dismissal [and] Final Decision regarding the issue of harassment and retaliation based on race is Remanded to the Office of Administrative Hearings for a hearing and further proceedings on that issue.

Upon remand from Judge Thigpen's decision, Plaintiff's harassment and retaliation claim was heard before Judge Morrison. On 14 August 2009, Judge Morrison entered a recommended decision in which he concluded, in relevant part, that Plaintiff "ha[d] not convinced [him] by the greater weight of the evidence presented that he was the victim of harassment or retaliation based on race" and that, as a result, Plaintiff was "not entitled to any further relief from [Defendant]." On 10 December 2009, the Commission issued a Final Decision in which it determined that:

> [T]hat there is no jurisdiction for a claim for unlawful workplace harassment or retaliation based on race or any other basis where a petitioner has not complied with the procedures required under [N.C. Gen. Stat. §§] 126-34 and 126-37 and that any such claim should have been remanded to the agency for the completion of the internal grievance policies required by statute and thus exhaustion of Petitioner's administrative remedies.

In addition, the Commission stated that, "should a superior forum disagree with the Commission, the Commission makes the following Alternative Order Findings of Fact." At that point, the Commission adopted the majority of Judge Morrison's factual findings. However, the Commission did modify Finding of Fact No. 13 so as to "eliminate a statement which is actually a conclusion of law and to include findings of fact that reflect the evidence contained in the whole record." Although the Commission adopted Judge Morrison's conclusion that the parties were "before the Office of Administrative Hearings pursuant to an Order from Wake County Superior Court" and had "received proper notice of the hearing in this matter," it rejected Judge Morrison's conclusion that Plaintiff "ha[d] not persuaded [him] by the greater weight of the evidence presented that he was the vic-

tim of harassment or retaliation based on race." Instead, the Commission concluded that:

2. The facts relating to [Plaintiff's] conduct and to the disciplinary action taken by Director Robinson relating to Major Edwards and [Plaintiff's] interactions and the email sent by [Plaintiff] show that [Plaintiff's] written warning was awarded in retaliation for his taking protected activity, *i.e.* protesting his circumvention in the disciplinary process of another employee which he perceived to be treating him differently from other District Supervisors. [Plaintiff] was not required to produce evidence that he was, in fact, treated differently in order to prevail on a claim that he was retaliated against. The evidence showed that [Plaintiff] was awarded disciplinary action almost immediately after he alleged that he was being treated differently from other District Supervisors. Thus, [Plaintiff] has shown that he suffered adverse action. *i.e.* a written warning, from his employer very close in time after engaging in protected activity, *i.e.* protesting treatment that he perceived to be different from other similarly situated employees, and that his protests were precisely the reason for his discipline.

3. [Plaintiff] met his burden of proving a *prima facie* case of illegal workplace retaliation. [Defendant] failed to produce sufficient evidence of a legitimate, non-retaliatory reason for the disciplinary action. Thus, [Plaintiff's] written warning should be removed as illegal workplace retaliation.

On 12 January 2010, Plaintiff sought judicial review of the Commission's decision that it lacked jurisdiction over his claim and urged the Court to adopt the Commission's alternative decision. On 31 August 2010, Judge Stephens entered an order concluding that the Commission had erred by deciding that it lacked jurisdiction over Plaintiff's harassment and retaliation claim, adopting the Commission's alternative findings and conclusions, and ordering "appropriate remedies for illegal workplace retaliation under the circumstances" of the case. In his order, Judge Stephens stated that

. . . . Two years ago, [the Superior Court, in an order entered by Judge Thigpen] analyzed the unique and lengthy history of this case and found, in an order dated August 1, 2008, that [Plaintiff's] February 1, 2005 complaint to his superiors comparing his treatment to the treatment of senior white officers, coupled with the prior history existing between himself and [Defendant], was suf-

ficient to place [Defendant] on notice that [Plaintiff] was complaining of either harassment or retaliation, or both, based on his race. This Court found, in its 2008 analysis of [the] jurisdictional question in this same case, that [Plaintiff's] complaint of February 1, 2005 met [N.C. Gen. Stat.] § 126-34's conditions precedent because [Defendant] "did not respond" to it. This Court then remanded the case to the Office of Administrative Hearings [] for hearing on the retaliation and harassment issues. . . . [T]hese findings . . . are the law of the case. The [Office of Administrative Hearings] and [Commission] had jurisdiction over the claim of retaliation, and the [Commission] decision that it lacked jurisdiction is in error.

In addition, Judge Stephens "adopt[ed] the[] decisive facts and conclusions in the [Commission's] Alternative Order as its own findings and conclusions." As a result, Judge Stephens ordered that this case be "remanded to the [] Commission with instruction that [Defendant] shall, without delay, compute the additional amount [Plaintiff] should have received in the absence of the written warning wrongfully placed in his personnel file and pay Petitioner such additional amount" and "make the necessary contributions to [Plaintiff's] Retirement Fund account . . . to reflect the new 'last four years base,' consistent with this order."[4] Defendant noted an appeal to this Court from the orders entered by Judge Thigpen and Judge Stephens.

## II. Legal Analysis

### A. Standard of Review

The orders from which Defendant has appealed were entered in connection with judicial review of the Commission's final agency decision. According to N.C. Gen. Stat. § 150B-43, "[a]ny person who is aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of the decision[.]" N.C. Gen. Stat. § 150B-51(b) authorizes a trial court to reverse or modify an agency's decision if the substantial rights of the petitioner have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

---

4. According to the record, the presence of the written warning in Plaintiff's personnel file made him ineligible for a pay increase which he would have otherwise received, a fact that adversely affected the amount of retirement benefits that he received following the end of his employment with Defendant.

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under [N.C. Gen. Stat. §§] 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

"On judicial review of an administrative agency's final decision, the substantive nature of each assignment of error dictates the standard of review." *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 658, 599 S.E.2d 888, 894 (2004) (citations omitted). As a result:

> The first four grounds are "law-based" inquiries warranting *de novo* review. The latter two grounds are "fact-based" inquiries warranting review under the whole-record test. Under *de novo* review, a court "considers the matter anew[] and freely substitutes its own judgment for the agency's." Under the whole-record test, a court "examines all the record evidence . . . to determine whether there is substantial evidence to justify the agency's decision."

*Trayford v. N.C. Psychology Bd.*, 174 N.C. App. 118, 121, 619 S.E.2d 862, 864 (2005) (quoting *Carroll*, 358 N.C. at 659-60, 599 S.E.2d at 894-95), *aff'd*, 360 N.C. 396, 627 S.E.2d 462 (2006). "As to appellate review of a superior court order regarding an agency decision, 'the appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly.' " *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (quoting *Amanini v. N.C. Dep't of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994)).

### B. Substantive Legal Issues

#### 1. Jurisdiction over Plaintiff's Claim

[1] First, Defendant argues that Judge Thigpen erred by remanding Plaintiff's petition to the Office of Administrative Hearings for a hearing concerning his racial harassment and retaliation claim. According to Defendant, Plaintiff failed to file his petition for a contested case

hearing in a timely manner and the 1 February 2005 memorandum did not adequately notify Defendant that he claimed to have been retaliated against or harassed on the basis of his race. As a result, Defendant argues that, "as a matter of law, there is no jurisdiction for the Petition for Contested Case Hearing, the State Personnel Commission Decision or the second order from the superior court," so that "the second order of the superior court should be reversed." We disagree.

According to N.C. Gen. Stat. § 126-34, "[a]ny State employee having a grievance arising out of or due to the employee's employment who alleges unlawful harassment because of the employee's . . . race . . . shall submit a written complaint to the employee's department or agency," with "[t]he department or agency [] hav[ing] 60 days within which to take appropriate remedial action." "If the employee is not satisfied with the department or agency's response to the complaint, the employee shall have the right to appeal directly to the State Personnel Commission." N.C. Gen. Stat. § 126-34.

On 1 February 2005, Plaintiff submitted a memorandum to Defendant requesting that the 27 July 2004 written warning be removed from his file and asserting that, "[a]s you know, when the State Personnel Commission ruled [that] your predecessor had retaliated against me, it also adopted as a permanent injunction that the DMV should treat me with the same respect it showed to senior white officers at the DMV." According to Plaintiff, although "white senior officers [are included] when personnel matters are being handled," he had not received similar consideration. After Defendant failed to respond to Plaintiff's memorandum within sixty days, Plaintiff filed a petition for a contested case hearing on 18 April 2005 alleging (1) that his personnel file contained inaccurate and misleading information and (2) that he had been the victim of racial harassment. In an attachment to his petition, Plaintiff reviewed the history of the administrative litigation arising from Plaintiff's complaints of racial discrimination and referenced the requirement that Defendant treat him "in good faith and with the same concern it shows for white senior officers." Following dismissal of his petition, Plaintiff sought judicial review.

As we have already noted, Judge Thigpen concluded that, even though Plaintiff adequately notified Defendant that he claimed to have been subjected to harassment on the basis of his race, Defendant failed to act on Plaintiff's complaint, a fact which authorized Plaintiff to seek relief through the administrative review process. After carefully reviewing the record, we conclude that Judge

McADAMS v. N.C. DEP'T OF TRANSP.

[215 N.C. App. 429 (2011)]

Thigpen's findings have adequate record support, that his findings support his conclusions, and that he did not err by determining that Plaintiff sufficiently complied with the requirements of N.C. Gen. Stat. § 126-34 to vest the Commission with jurisdiction over his complaint of racially-based harassment or retaliation.

In urging us to reach a contrary conclusion, Defendant argues that, pursuant to N.C. Gen. Stat. § 126-38, Plaintiff "had 30 days from the date of the issue complained of here, the written warning, to file a Petition for Contested Case hearing at OAH." According to N.C. Gen. Stat. § 126-38, "[a]ny employee appealing any decision or action shall file a petition for a contested case with the Office of Administrative Hearings as provided in [N.C. Gen. Stat. §] 150B-23(a) no later than 30 days after receipt of notice of the decision or action which triggers the right of appeal." However, Plaintiff's claim of racial harassment did not constitute an appeal from a "decision or action" and so was not subject to the time limitations set out in N.C. Gen. Stat. § 126-38. Thus, Defendant's first challenge to Judge Thigpen's order lacks merit.

Secondly, Defendant contends that, to "bring a 'racial harassment' claim at OAH, [Plaintiff] must have first complained to the agency concerning this issue." Defendant cites N.C. Gen. Stat. § 126-34 in support of this proposition and claims that this statutory provision "also has a 30 day time limit." N.C. Gen. Stat. § 126-34 provides, in pertinent part, that:

> Any State employee having a grievance arising out of or due to the employee's employment who alleges unlawful harassment because of the employee's . . . race . . . shall submit a written complaint to the employee's department or agency. The department or agency shall have 60 days within which to take appropriate remedial action. If the employee is not satisfied with the department or agency's response to the complaint, the employee shall have the right to appeal directly to the State Personnel Commission.

Contrary to Defendant's contention, N.C. Gen. Stat. § 126-34 makes no reference to a "30 day time limit." In addition, Defendant cites *Lee v. N.C. Dep't of Transp.*, 175 N.C. App. 698, 625 S.E.2d 567, *aff'd*, 360 N.C. 585, 634 S.E.2d 887 (2006), in support of his argument that Plaintiff failed to comply with the "time limits" set out in N.C. Gen. Stat. § 126-34. However, this Court held in *Lee* that the Commission lacked jurisdiction over the plaintiff's racial harassment claim on the grounds that the plaintiff failed to provide Defendant with any written

complaint at all rather than on the basis of any sort of timeliness consideration. In this case, on the other hand, the trial court explicitly ruled that Plaintiff's 1 February 2005 memorandum constituted sufficient compliance with the requirement that he submit a written complaint to the department or agency by which he was employed. As a result, we conclude that Defendant's timeliness argument lacks merit.

Finally, Defendant contends that Plaintiff's 1 February 2005 memorandum "does not allege that he was harassed, nor does it mention race." However, as we have already noted, Plaintiff's communication asserted that the Commission had "ruled [that] your predecessor had retaliated against me;" that Defendant "should treat me with the same respect it showed to senior white officers at the DMV;" and that Plaintiff did not "believe [that] Deputy Director Edwards [] circumvent[s] the white senior officers when personnel matters are being handled." We agree with Judge Thigpen that Plaintiff's memorandum, "coupled with the prior history existing between [Plaintiff] and [Defendant]," sufficed "to place [Defendant] on notice that [Plaintiff] was complaining of either harassment or retaliation, or both, based on his race." As a result, we conclude that Defendant's final challenge to Judge Thigpen's jurisdictional decision lacks merit.

### 2. Adoption of Commission's Alternative Findings

[2] Next, Defendant argues that Judge Stephens "should not have adopted [the Commission's] alternative findings [] relative to the written warning since [Judge Thigpen's] order [] upheld the dismissal of the petition regarding the written warning." We do not find this argument persuasive.

Judge Thigpen upheld the dismissal of Plaintiff's challenge to the inclusion of the 27 July 2004 written warning in his personnel file. Judge Thigpen's decision to this effect rested on Plaintiff's failure to comply with the procedural requirements enunciated in N.C. Gen. Stat. §§ 126-25 and 126-38, which address a state employee's ability to challenge the inclusion of inaccurate or misleading information in his personnel file. However, Judge Thigpen did not dismiss Plaintiff's harassment or retaliation claim despite the fact that it was supported, at least in part, by the written warning. Although Defendant argues that, because Judge Thigpen upheld the dismissal of Plaintiff's claim relating to the allegedly inaccurate or misleading information contained in the written warning, "[a]ny Alternative Findings of Fact or Conclusions of Law reinstating the written warning as an issue in this case should be deemed a nullity," we are unable to understand why

Judge Thigpen's dismissal of one of Plaintiff's two claims necessarily precludes any consideration of the written warning to the extent that it is relevant to the other claim on the merits. Defendant cites no authority tending to suggest that the dismissal of Plaintiff's challenge to the accuracy of the information contained in the written warning bars consideration of that document in the course of an examination of the merits of Plaintiff's harassment or retaliation claim, and we have not found any such authority in the course of our own research. Thus, this aspect of Defendant's challenge to Judge Stephens' order lacks merit.

### 3. Commission's Conclusions of Law Nos. 2 and 3

[3] Thirdly, Defendant argues that "alternative conclusions of law #2 and #3 [] should not be upheld because they are outside the scope of Judge Thigpen's order in that they do not find 'harassment and retaliation based upon race.' " We disagree.

Judge Thigpen's order remanded Plaintiff's complaint that he had been subject to "either harassment or retaliation, or both, based on his race" for a hearing. (emphasis added). The Commission's alternative conclusions, which were adopted by Judge Stephens and which we have quoted above, clearly constitute a determination that Plaintiff was subjected to retaliation on the basis of his race. Although Defendant appears to contend that, given the absence of any specific reference to the races of the participants in the relevant conclusions, the Commission's alternative decision cannot be understood as a determination that the treatment that Plaintiff received stemmed from his race, that argument lacks persuasive force. Given the context in which this case arose, including Plaintiff's history of multiple, successful, claims to have been subjected to discriminatory conduct, and given that the Commission's alternative conclusions explicitly reference Plaintiff's complaint that he had been treated differently from white senior officers, we conclude that the Commission's alternative decision adequately addressed the issue of race-based retaliation and that Defendant's argument to the contrary lacks merit.

### 4. Non-Retaliatory Basis for Discipline

[4] Finally, Defendant challenges Judge Stephens' determination that " 'the DOT had failed to produce sufficient evidence of a legitimate non-retaliatory reason for the discipline' " on the grounds that this finding was "without basis in the record." Defendant is not entitled to relief on the basis of this argument.

According to Defendant, the written warning that Plaintiff received rested on Plaintiff's alleged violation of N.C. Gen. Stat. § 126-27, which prohibits state employees from "knowingly and willfully permit[ting] any person to have access to or custody or possession of any portion of a personnel file designated as confidential by this Article," and insubordination. Defendant claims that Plaintiff's decision to include the name of another employee who was the subject of disciplinary proceedings in an e-mail to his attorney resulted in a violation of N.C. Gen. Stat. § 126-27 and that the tone of his communications with his superiors justified the written warning. However, Judge Stephens determined that:

> [Plaintiff] met his burden of proving a *prima fac[i]e* case of illegal workplace retaliation. Respondent failed to produce sufficient evidence of a legitimate, non-retaliatory reason for the disciplinary action. Thus, [Plaintiff's] written warning should be removed as illegal workplace retaliation.

This excerpt from Judge Stephens' order does not indicate whether Judge Stephens concluded that (1) Plaintiff's e-mail to his attorney, particularly given the history between the parties, did not fall within the ambit of N.C. Gen. Stat. § 126-27 or that (2) the proffered reasons were, even if facially valid, a mere pretext for retaliation and not a "legitimate non-retaliatory" reason for issuing a written warning to Plaintiff. As we understand the evidentiary record, Judge Stephens would have been entitled to reach either or both of these conclusions. At bottom, this aspect of Defendant's challenge to Judge Stephens' order is nothing more than a challenge to the factual determinations made by the Commission, which are binding upon us for purposes of appellate review given that they have adequate record support. As a result, Defendant's final argument lacks merit as well.

### III. Conclusion

Thus, for the reasons discussed above, we conclude that none of Defendant's challenges to the orders entered by Judge Thigpen and Judge Stephens have merit. As a result, the challenged orders should be, and hereby are, affirmed.

AFFIRMED.

Judges McGEE and McCULLOUGH concur.